(5 Misc. Rep. 295.)

### In re HOWARD'S ESTATE.

(Surrogate's Court, Westchester County.    October, 1893.)

1. CHARITIES—BEQUEST FOR MASSES.
    A bequest to a designated priest for masses does not create a trust, but is a gift to the priest for the purpose named, and is valid.
2. SAME—PERFORMANCE BY LEGATEE.
    A bequest to a priest for masses for the repose of testator's soul cannot be enforced until it is shown that the masses have been said.

Accounting by William H. Coles and Mary E. Brady, as administrators of the estate of Julia Howard, deceased. Decedent bequeathed $300 each to Rev. Thomas McLoughlin and Rev. James T. Coles, priests of the Roman Catholic Church, for masses. Both bequests were in the same language, except as to the names of the legatees. The bequest to Father McLoughlin was as follows: "I direct my said executor to pay over unto Rev. Father McLoughlin the sum of three hundred dollars for the purpose of masses. The said amount I give Rev. Father McLoughlin for that purpose."

H. C. Henderson, for the executor.
Russell Frost, for the residuary legatee.

COFFIN, S. It is objected that the legacies for masses are void, because made for the benefit of the testatrix after her death, and not for a person in existence at the time of the inception of what counsel appears to consider a trust. But it does not seem that the will creates a trust. It gives the legacies to the priests for a designated purpose. It is also objected that, the Reverend Mr. Coles being dead, and therefore incapable of performing the services designated, the legacy fails. Under what was known as the "Toleration Act," passed during the reign of William and Mary, a bequest for the purpose of having masses said for the repose of

the soul of the deceased was held to be valid; but under an act passed under the brief reign of Edward VI., A. D. 1547, and the act of 43 Eliz. c. 4, it was held to be void. West v. Shuttleworth, 2 Mylne & K. 684; Adams & Lambert's Case, 4 Coke, 104; Smart v. Prujean, 6 Ves. 560. A provision for saying prayers for the dead was held to be for a superstitious use, and therefore void. Duke, Char. Uses, 105; Adams & Lambert's Case, 4 Coke, 104; Smart v. Prujean, 6 Ves. 560; Story, Eq. Jur. § 1164. In this state, however, it is held to be valid, where given to a person or corporation capable of taking. Holland v. Alcock, 108 N. Y. 312, 16 N. E. 305, and cases cited. In the remarkably learned opinion of Judge Rapallo in that case, he stated that it had been alleged that the act of 43 Eliz. had been repealed by our legislature in 1788. At all events, it has been steadily disregarded. In this country all species of worship, their observances and practices, whether called superstitious or otherwise, so long as they do not disturb the peace of communities or the welfare of states, are freely tolerated. While we find, therefore, that in this case the beneficiaries were named, known, and capable of taking, the bequests were valid in their inception, but that they were given to the priests on condition that they should say masses, they are conditional legacies, and are not, therefore, payable unless the condition shall have been performed. Formerly, in England, an executor was entitled to no commissions as compensation for his services; so, where a legacy was given to him as such, it was held that it was so given upon the condition that he undertook the office, and if, therefore, he refused to act, he could not claim the legacy. Abbot v. Massie, 3 Ves. 148; Freeman v. Fairlie, 3 Mer. 24. So where a testator, as an encouragement to his executors to accept the trust, had given to each of them £100 sterling, and £12 sterling apiece for mourning, and to each of them a ring and £10 sterling a year for their trouble, the lord chancellor said that, notwithstanding the condition of the acceptance might seem to run to all the legacies, the executors, though they did not act, should have their rings and mourning, these being intended them immediately, and not to wait their time of acceptance; but that they should not have their £100 sterling and an annuity of £10 sterling each unless they accepted the trust. Humberston v. Humberston, 1 P. Wms. 332. So, a legacy to a woman for and towards her marriage with any particular specified person is conditional, and fails if she die before marriage. Swinb. Wills, p. 4, § 17. And it would seem to be equally clear that if a testator were to bequeath a sum of $300 to a person for the purpose of erecting an iron fence to inclose his burial plot, or the like sum to build a cottage on his village lot, the legacy would be conditional upon his doing the work, and would fail if the work were not done, either because of his death or because of his mere neglect. In the former event, his legal representatives could not enforce payment to them; and, even if he had done the work in his lifetime, the burden of proof to establish the fact would be upon him, and, of course, on

his legal representatives in case of his death.    To recover, it must be shown that the condition has been performed.

There is no evidence that the provisions of the will were known to the priests, or that they have said the masses, so that the soul of the deceased has not had the solace and comfort, for four years, supposed to be derivable therefrom.    At the time of proving the will the law did not require that they should be nor were they cited. No time was specified within which the masses were to be said, and they would not be likely to be so said in the absence of any knowledge of the bequest.    I think the Reverend Mr. McLoughlin may still be entitled to his legacy on showing a future performance of the condition, but, as that is impossible in so far as the Reverend Mr. Coles is concerned, the legacy to him is held to be void, and it will therefore fall into the residuum, and belong to the legatee thereof.