## ESTATE OF ANNA HERZO, DECEASED.

[Decided April 30, 1902.]

**Inheritance Tax—Bequest for Masses.**—Bequests for masses are for charitable purposes, and therefore exempt from the operation of the collateral inheritance tax act of 1899.

**Inheritance Tax—Bequest for Altar.**—A bequest to beautify the altar of a church is for a charitable purpose, and therefore not subject to the collateral inheritance tax act of 1899.

John J. O'Toole, for certain legatees.

A. Heynemann and A. Comte, Jr., for executors.

Anna Herzo bequeathed four legacies to certain priests in Dalmatia, each legacy being bequeathed to "the governing priest or pastor" of the church (naming it). Three of these legacies, to quote from the language of the will of said deceased, are "to the governing priest or pastor of the church known as (naming church), to be invested by him and the income thereof paid to the authorities of said church, for the celebration of masses for the repose of my soul, and the repose of my deceased husband and his and my relatives."

The fourth legacy is "to the governing priest or pastor of the church called 'Madonna del Campo Grando,' to be ap-

plied in ornamenting and beautifying the altar in said church, etc.''

The act commonly known as ''the Collateral Inheritance Act of 1899'' exempts from taxation legacies or bequests to any person, society, corporation or association in trust for, or to be devoted to, any charitable, benevolent, educational or public purpose: Cal. Gen. Laws, 1899 ed., p. 1192.

If the legacies bequeathed by deceased for ''masses for the repose of her soul,'' etc., are for charitable purposes, they are, of course, exempt from the tax under the act.

Masses are not bought, any amount or anything given to the priest for their celebration is given as a gratuity, or as an alms-offering. That the giving of alms is a charity is a proposition that does not need authority to support it.

The courts of the United States all agree that a bequest ''for masses for the repose of the soul of testator and his relatives'' is a charitable bequest.

In Kerrigan v. Tabb (N. J.), 39 Atl. 701, the court says: ''A use of this kind (a bequest for masses )based on the doctrines and practices of a Christian church, and which does not impair any of the rights or obligations arising under the authority of the state, its constitution or laws, must be considered a religious use.''

A bequest for the support of religion or for a religious use is certainly for a charitable and benevolent purpose, and clearly within the exemption of the act.

In Alden v. St. Peter's Parish, 158 Ill. 637, 42 N. E. 392, 30 L. R. A. 232, the learned judge, in expressing the opinion of the court, said: ''A gift for the support of churches or to pay the expense of any religious doctrine comes within the equity, and therefore within the spirit of the statute, as a gift for a charitable use.''

In Andrews v. Andrews, 110 Ill. 223, it was held that a devise of land to a church to sustain the preaching of the gospel, and to use the income of the property to pay any balance of salary due the minister was a public charity.

If to sustain the preaching of the gospel is a charity, so the practice of the rites of any religion (which rites are not contrary to law) is a charity. The celebration of

masses is one of the rites and ceremonials of the Catholic church.

As was said in Alden v. St. Peter's Parish, "a gift for the support of churches or to pay the expense of any religious doctrine comes within the statute." While the money bequeathed for masses is not offered or received as pay for the masses, it is accepted by the priest and used by him for his own support and for the support of his church, and as such is undoubtedly a charity.

In Re Schouler, 134 Mass. 426, the court said: "Masses are religious ceremonials or observances of the church of which she (the testatrix) was a member, and come within the religious and pious uses which are upheld as public charities."

The same doctrine is announced in Jackson v. Phillips, 14 Allen, 539.

In Hoeffer v. Clogan, 171 Ill. 462, 63 Am. St. Rep. 241, 49 N. E. 529, 40 L. R. A. 730, the court said: "It cannot be denied that bequests for the general advancement of the Roman Catholic religion, the support of its forms of worship, or the benefit of its clergy, are charitable equally with those for the support or promotion of other forms of religious belief or worship"; and in commenting further on the same matter it said: "The bequest (for masses) is not only for an act of religious worship, but also for the support of the clergy; although the money is not regarded as a purchase of the masses, yet it is retained by the clergy, and of course aids in the maintenance of the priesthood."

In Rhymes' Appeal, 93 Pa. 145, 39 Am. Rep. 736, it was contended that a bequest "for masses for the repose of testator's soul" was void, because the will was not executed prior to thirty days before death of testator, as was required by the act of 1855 (which is similar to section 1313 of the California Civil Code). The court upheld the contention, declaring that the bequest was a charitable one, and therefore must fail by reason of the will not being executed prior to thirty days before testator's death.

And in view of the decisions of the highest court of our sister states, the court must conclude that the legacies be-

queathed by Mrs. Herzo for masses are for charitable purposes, and therefore exempt from the tax.

As to the fourth legacy, given "to beautify the altar," the court must come to a like conclusion; it is also exempt from the tax, for it is for a charitable and benevolent purpose.

In Jones v. Habersham, 107 U. S. 174, 2 Sup. Ct. 336, 27 L. Ed. 401, the court held that "a bequest to a certain church (eo nomine) is a charitable bequest, as being presumably intended for building, repairing and beautifying a place of public worship." In the case at bar, the bequest is expressly given for "beautifying" a place of public worship.

This court in construing the term "charity" in Estate of Emeric, held that a bequest "for repairing and restoring the old Roman Catholic Church in the town of Neoules" was a charitable bequest. The court can see no difference, so far as principle is concerned, between repairing and restoring and beautifying, and hence must conclude that the legacy in question here is also for a charitable purpose, and is therefore exempt from the tax in question.