[L. A. No. 1951. In Bank.—November 29, 1907.]

In the Matter of the Estate of PATRICK LENNON, Deceased. FRANCIS LENNON et al., Appellants.

WILLS—REVOCATION OF PROBATE—INVALID CHARITABLE BEQUESTS.—It is not a ground for the revocation of the probate of a will that its provisions are invalid and contrary to the provisions of section 1313 of the Civil Code relating to charitable uses. If any will falls within the inhibition of that section, the section itself provides for the disposition of the assets of the estate which must follow.

ID.—BEQUEST FOR CELEBRATION OF MASSES—SUPERSTITIOUS USE—CHARITABLE USE.—In this state, a bequest to a bishop of a church of a sum of money to be expended in the celebration of masses for the benefit of the testator's soul is not prohibited by statute, is not in its nature for a superstitious use, and is not for a charitable use within the inhibition of section 1313 of the Civil Code, and is valid, although the amount should exceed one third of the value of the testator's estate.

ID.—OBSERVANCE OF CHURCH CEREMONIAL.—In this state, bequests are
not prohibited as superstitious if they are for the observance of any
ceremonial the efficiency of which is recognized by the church of
which the testator is a member.

APPEALS from an order of the Superior Court of Kern
County settling the final accounts and decree of distribution of
the estate of a decedent, and from an order refusing to set
aside the probate of a will. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

O. V. Eaton, E. T. Maples, and F. D. McClure, for Appellants.

H. C. Dillon, and J. Wiseman Macdonald, for Respondent.

HENSHAW, J.—The will of the deceased having been
admitted to probate, appellants, as next of kin, filed a petition
asking for the revocation of the probate upon three grounds:
"First, That said alleged last will and testament is invalid
and contrary to the laws of the state of California as made
and provided by section 1313 of the Civil Code of said state
relating to charitable uses; second, that the decedent was
unduly influenced in the making of the will; third, that the
will was not entirely written, dated and signed by the hand
of the testator." The second and third grounds were not
supported by evidence and seem to be abandoned upon this
appeal. The first is not a ground for revocation of the probate
of a will, since, if any will falls under the inhibition of section
1313 of the Civil Code, that section itself provides for the dis-
position of the assets of the estate which must follow. (*Estate
of Willey*, 128 Cal. 13, [60 Pac. 471].)

Appellants undertake to bring to this court two appeals, one
apparently from the decree settling the final account and
ordering distribution, the other from the judgment of the
court following their petition to have the will of the deceased
set aside upon the grounds above stated. The record upon
these appeals is fragmentary, uncertain, and incomplete. No
evidence is presented against the rulings and decision of the
court. Yet the record does contain the statement that proofs
were taken upon the account and petition for distribution and
submitted to the court, and that oral and documentary

evidence was introduced which the court considered, a trial by jury was expressly waived and the matter was heard and tried before the court without a jury. The statement of the appellants "that the will is contrary to the laws of the state of California as made and provided by section 1313, C. C." is not the allegation of any fact, but is merely a legal conclusion which the pleader draws, a conclusion which, even if sound, as has been said, does not call for the revocation of the probated instrument. Section 1313 restricts charitable devises and bequests and provides that if such bequests are found in a will made within thirty days of the testator's death they are void. If in a will executed more than thirty days before the testator's death they are valid to the value of one third of the testator's estate. If he has left more than one third of his estate to such charities, a *pro rata* reduction from them all shall be made to the value of one third of his estate. But notwithstanding the condition of the record, we proceed to consider the proposition which in the transcript and in the appellants' brief is declared to be "the nub of the case," namely, whether a bequest to Bishop Conaty of thirty-five hundred dollars "to have the same amount of masses celebrated as soon as possible for my soul" is a charitable bequest.

It will be noticed that the limitation and restriction imposed by section 1313 of the Civil Code, is upon charitable uses and trusts. The reason for the law has often been expounded. It is that a man's fears or superstition, or his death-bed hope of purchasing a blissful immortality shall not be allowed to influence the disposition which he may thus make of his property, to the injury of his heirs. The law, therefore, limits the time within which such a testamentary disposition may be made, and also limits the value and amount of such disposition. But the only inhibition of the section is that such devises or bequests shall not be made to charity, or in trust for charitable and benevolent purposes. Charity and a charitable use have often been defined by this and other courts. A charitable trust is a gift for the benefit of persons, either by bringing their hearts and minds under the influence of education or religion, by relieving their bodies of disease, suffering or constraint, by assisting to establish them for life, by erecting or maintaining public buildings, or in other ways lessening the burdens or making better the condition of the general public, or some class of

the general public, indefinite as to names and numbers. In short, it is a gift to a general public use. (Eaton on Equity, sec. 181; Perry on Trusts, sec. 697.) The bequest here lacks every element of a bequest for charity or charitable use. It is not for the benefit of the public or of any class or division of the public. It is entirely lacking in the elements of continuance and perpetuity which characterize a charitable use. It is a bequest, not for the. benefit of the bishop, but for the benefit alone of the testator, and the direction is that the money shall be expended as expeditiously as possible in the saying of masses for the testator's soul. Such a bequest, as has been said, is lacking in every attribute which characterizes a charity. In England, masses for the dead are called "a superstitious use" and are forbidden by statute. (1 Edward, 6, ch. 14; *In re Blundell's Trust*, 30 Beav. 360.) But in this state and in the states of this union generally, there is no statute designating such bequests superstitious uses, and such bequests are not prohibited as superstitious if they are for the observance of any ceremonial, the efficiency of which is recognized by the church of which the donor is a member. "No religious observances can be deemed as matter of law superstitious." (*Holland* v. *Alcock*, 108 N. Y. 312, [2 Am. St. Rep. 420, 16 N. E. 305].) In this state there is no law prohibiting such a bequest, and no law which declares such a bequest to be in its nature a superstitious use, and as clearly it is not a charitable use, it does not come within the inhibition of section 1313 of the Civil Code, although the amount should exceed one third of the value of the testator's estate.

If authority were needed in support of a proposition so plain, it may be found in abundance. Thus, in the case of *Sherman, Adm. or the Estate of Baker*, v. *Baker, et al.*, 20 R. I. 449, [40 Atl. 12], Baker by his will gave one hundred dollars to the parish priest of St. Patrick's church to say masses for the repose of his soul, and one hundred dollars, the income of which was to be used in ornamenting and keeping in proper repair his burial lot. The court said: "This will presents an example both of a gift in perpetuity for a private trust, that is, for the care of the testator's burial lot, and an outright gift for masses. The former is invalid (citing cases); the latter, the gift for masses, is valid as one which takes effect at once like any personal bequest for a legal object." (See also *Harri-*

*son* v. *Brophy,* 59 Kan. 7, [51 Pac. 883]; *In re Howard's
Estate,* 25 N. Y. Supp. 1111, [5 Misc. 295]; *Moran* v. *Moran,*
104 Iowa 216, [65 Am. St. Rep. 443, 73 N. W. 617];
*In re Zimmerman,* 22 Misc. 411, [50 N. Y. Supp. 395]; *Hoeffer*
v. *Clogan,* 171 Ill. 462, [63 Am. St. Rep. 241, 49 N. E. 527].)

The judgment and orders appealed from are therefore
affirmed.

Lorigan, J., Angellotti, J., Shaw, J., and McFarland, J.,
concurred.