Matter of the Appraisal under the Acts in Relation to Taxable Transfers of the Property of MARGARET EPPIG, Deceased.

(Surrogate's Court, Kings County, June, 1909.)

Charities — Requisites and validity in general: What constitutes charitable use: Certainty as to beneficiary — Effect of Ch. 701, L. 1893. Trusts — Purposes for which express trusts are valid — Services to be performed after death of grantor — Masses.

A direction to executors to pay and expend certain sums from time to time in their discretion for the expense of Roman Catholic masses for the repose of the souls of the testatrix and her parents is a gift to the executors for a religious use upon a valid and effectual trust and taxable at the rate of five per cent.

APPEAL from the report of the appraiser fixing and assessing the transfer tax.

William W. Wingate, for State Comptroller, appellant.

Fernando Solinger, for executors, respondents.

KETCHAM, S.   The State Comptroller appeals from the adjustment of the transfer tax at one per cent. instead of five per cent. on the sums mentioned in the following paragraphs of decedent's will:

"*Second.* I direct my executors to pay and expend the sum of Two thousand ($2,000) Dollars, the same to be applied by them from time to time in their discretion to the payment of the expense of Roman Catholic Masses to be procured by them to be said for the repose of my soul.

"*Third.* I direct my executors to pay and expend the sum of Five hundred ($500.00) Dollars, the same to be

applied by them from time to time in their discretion to the payment of the expense of Roman Catholic masses to be procured by them to be said for the repose of the souls of my deceased parents, John Adam Schwint and Elizabeth Schwint."

It is the claim of the Comptroller that these paragraphs contain gifts in trust for a religious use, which may be effectuated under chapter 701 of the Laws of 1893, notwithstanding the indefiniteness and uncertainty of the beneficiaries thereunder.

The decedent died on January 2, 1909.

If a gift can be implied, the statute cited places the provisions of this will upon the same footing as to validity as if the gift were in trust to pay the sums indicated to a clergyman or religious corporation designated by name and thereby to procure the masses to be said.

" No gift, grant, bequest or devise to religious, educational, charitable or benevolent uses, which shall, in other respects be valid under the laws of this state, shall or be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same." Laws of 1893, chap. 701.

A bequest for the saying of masses for the repose of the dead is a gift for a religious use. A gift in trust may be implied. Where " the duties imposed are active and render the possession of the estate convenient and reasonably necessary, the executors will be deemed trustees for the performance of their duties, to the same extent as though declared to be so by the most explicit language." Ward v. Ward, 105 N. Y. 68; Tobias v. Ketchum, 32 id. 319; Robert v. Corning, 89 id. 225.

It is to be observed that the executors are not directed merely to pay these sums to an unnamed beneficiary. The direction is that the executors by such payment, and as an accompanying duty, shall procure the masses to be said. It is also required that the executors shall exercise their discretion as to the application of the sums bequeathed. There is no discretion as to whether or not these sums shall be used.

The direction as to their use is absolute; but the duty is laid upon the executors to determine, from time to time, what portion of the fund shall be at any given time devoted to the masses and over what period these disbursements shall spread.   To see to it that the purposes of the payment shall be fulfilled and, as an incident thereto, to control the rate and progress of the payment, is an active and continuing responsibility which cannot be effectually discharged without possession of the gift.

It seems, therefore, that there is a gift to the executors for a religious use upon a valid and effectual trust, and the transfer should be taxed at the rate of five per cent.

The order, so far as appealed from, should be reversed, and direction should be made in accordance with these views.

Decreed accordingly.