(63 Misc. Rep. 613.)

### In re EPPIG'S ESTATE.

(Surrogate's Court, Kings County.  June, 1909.)

1. CHARITIES (§ 16*)—"RELIGIOUS USE"—MASSES FOR REPOSE OF THE DEAD.
   A bequest for saying masses for the repose of the dead is a gift for a religious use.
   [Ed. Note.—For other cases, see Charities, Dec. Dig. § 16.*
   For other definitions, see Words and Phrases, vol. 7, p. 6066; vol. 8, p. 7783.]

2. WILLS (§ 676*)—CONSTRUCTION—TRUSTS—WORDS SUFFICIENT.
   A direction to executors to expend certain sums from time to time in their discretion for the expense of masses for the repose of the souls of the testatrix and her parents requires possession by the executors of the sum directed to be expended; and hence a gift to such executors in trust of such sum must be implied.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1591, 1592; Dec. Dig. § 676.*]

3. CHARITIES (§ 21*)—VALIDITY OF BEQUEST—CERTAINTY OF BENEFICIARIES.
   Such bequest is not invalid for want of designation of the person to whom the executor shall pay the money under Laws 1893, p. 1748, c. 701, providing that no gift, bequest, or devise for religious or charitable uses shall be invalidated for uncertainty of the persons designated as beneficiaries.
   [Ed. Note.—For other cases, see Charities, Cent. Dig. §§ 44–50; Dec. Dig. § 21.*]

4. TAXATION (§ 886½*)—INHERITANCE TAX—AMOUNT OF TAX.
   A direction to executors to expend a certain sum in their discretion for masses for the repose of the souls of testatrix and her parents, being a valid gift to executors in trust for a religious use, is taxable at the rate of 5 per cent.
   [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 886½.*]

Application for the appraisal of the transfer tax on the estate of Margaret Eppig. From a report of the appraisers assessing the transfer tax, the State Comptroller appeals. Reversed.

William W. Wingate, for appellant State Comptroller.

Fernando Solinger, for respondents executors.

KETCHAM, S.  The State Comptroller appeals from the adjustment of the transfer tax at 1 per cent. instead of 5 per cent. on the sums mentioned in the following paragraphs of decedent's will:

"Second. I direct my executors to pay and expend the sum of Two thousand ($2,000) Dollars, the same to be applied by them from time to time in their discretion to the payment of the expense of Roman Catholic Masses to be procured by them to be said for the repose of my soul.

"Third. I direct my executors to pay and expend the sum of Five hundred ($500.00) Dollars, the same to be applied by them from time to time in their discretion to the payment of the expense of Roman Catholic masses to be procured by them to be said for the repose of the souls of my deceased parents, John Adam Schwint and Elizabeth Schwint."

It is the claim of the Comptroller that these paragraphs contain gifts in trust for a religious use, which may be effectuated under chapter 701, p. 1748, Laws 1893, notwithstanding the indefinite-

ness and uncertainty of the beneficiaries thereunder. The decedent died on January 2, 1909.

If a gift can be implied, the statute cited places the provisions of this will upon the same footing as to validity as if the gift were in trust to pay the sums indicated to a clergyman or religious corporation designated by name and thereby to procure the masses to be said. "No gift, grant, bequest or devise to religious, educational, charitable or benevolent uses, which shall, in other respects be valid under the laws of this state, shall or be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same." Laws 1893, p. 1748, c. 701. A bequest for the saying of masses for the repose of the dead is a gift for a religious use. A gift in trust may be implied. Where "the duties imposed are active and render the possession of the estate convenient and reasonably necessary, the executors will be deemed trustees for the performance of their duties, to the same extent as though declared to be so by the most explicit language." Ward v. Ward, 105 N. Y. 68, 11 N. E. 373; Tobias v. Ketchum, 32 N. Y. 319; Robert v. Corning, 89 N. Y. 225.

It is to be observed that the executors are not directed merely to pay these sums to an unnamed beneficiary. The direction is that the executors by such payment, and as an accompanying duty shall procure the masses to be said. It is also required that the executors shall exercise their discretion as to the application of the sums bequeathed. There is no discretion as to whether or not these sums shall be used. The direction as to their use is absolute; but the duty is laid upon the executors to determine from time to time what portion of the fund shall be at any given time devoted to the masses and over what period these disbursements shall spread. To see to it that the purposes of the payment shall be fulfilled, and, as an incident thereto, to control the rate and progress of the payment, is an active and continuing responsibility which cannot be effectually discharged without possession of the gift.

It seems, therefore, that there is a gift to the executors for a religious use upon a valid and effectual trust, and the transfer should be taxed at the rate of five per cent.

The order, so far as appealed from, should be reversed, and directions should be made in accordance with these views.

Decreed accordingly.