[Civ. No. 2251. First Appellate District.—April 23, 1918.]

WALLACE RUTHERFORD, Plaintiff and Appellant, v. MONICA L. OTT et al., Defendants and Respondents; LENA McNALLY et al., Defendants, Respondents and Appellants.

TRUST — SETTLEMENT OF ACCOUNT — BROKERS' COMMISSION — SALE OF TRUST PROPERTY—PROPER ITEM.—A trustee under a trust which bound him to sell the real property of the trust estate and to distribute the proceeds is entitled to have allowed him in his account the usual and reasonable commission paid by him to certain real estate brokers through whose efforts the sale was made, where the trustee made repeated efforts to make the sale himself and was unable to do so.

ID.—CARE OF CEMETERY PLOT OF TRUSTOR — PAYMENT TO RECTOR OF CHURCH—PROPER ITEM.—A trustee is entitled to have allowed him in the settlement of his account an amount paid, in accordance with the provisions of the trust, to the rector of a church to insure appropriate care of the cemetery plot of the author of the trust, since such payment did not involve a perpetuity.

ID.—GIFTS FOR MASSES—VALID PROVISION OF TRUST.—A provision in a trust for the payment of specified sums of money to certain churches for masses is not void on the ground that the churches had not the legal capacity to take the donations, since the same are gifts to the persons to whom the revenues of the churches are payable or by whom they are controlled and disbursed.

ID.—GIFTS IN EXCESS OF ONE-THIRD OF ESTATE—VALID PROVISIONS.— Gifts to charity under a trust created in the lifetime of the trustor which exceed one-third of the trust estate, are not void, since section 1313 of the Civil Code applies only to wills.

APPEALS from a judgment of the Superior Court of Napa County. Henry C. Gesford, Judge.

The facts are stated in the opinion of the court.

Wallace Rutherford, *in pro. per.*, for Appellant.

E. L. Webber, for Appellants and Respondents McNally et al.

James A. Nowland, for Certain Respondents.

Frank M. Silva, for Respondents St. John's Church et al.

LENNON, P. J.—This case arises out of a trust created by Lena Ott in her lifetime. After her death the property of the trust was sold and the trust fully administered. The trustee then brought this suit against the beneficiaries of the trust to settle his accounts and to obtain a judgment directing distribution of the trust assets.

A judgment resulted and two appeals were taken, which are here for determination.

The trustee has appealed from the disallowance of three items in his account:

(1) Two hundred and thirty-one dollars and twenty-five cents paid by him as brokers' commissions upon the sale of real property.

(2) One hundred and fifty dollars paid by him for the care of the cemetery plot of the author of the trust at St. Helena as provided in the trust.

(3) Two hundred and fifty dollars disallowed in respect of the trustee's claim for compensation.

The other appeal is by beneficiaries under the trust who are also heirs at law of the decedent. The trust contained provisions for the payment of certain sums, hereafter to be mentioned, which these appellants claimed to be invalid. The court below held otherwise; hence the appeal.

We shall first take up the appeal of the trustee and deal with the items disallowed below, and then consider the merits of the other appeal.

(1) Under the terms of the trust the trustee was bound to sell the real property of the trust estate and to distribute the proceeds. The trustee attempted to make a sale of the property but was unable to do so, and after repeated endeavors with many prospective purchasers he finally em-

ployed real estate brokers. Through their efforts the sale was made, and the trustee, in good faith, paid them commissions to the amount of $231.25, which was the usual and a reasonable rate. The court below disallowed this item in conformity with the practice of disallowing commissions established by the learned trial judge to govern the administration of estates of deceased persons in the court over which he presides. The general idea which underlies the custom followed below is a very commendable one, inasmuch as its purpose is to reduce the cost of the administration of estates; but the rule cannot be made an inflexible one, and exceptions thereto must be indulged now and then. In this case we think the evidence shows that the employment of real estate brokers was reasonably necessary, and that the sum paid them by the trustee was a reasonable compensation. The testimony dealing with this phase of the case is not extended, for the reason that no beneficiary made objection to the expenditure, but we think that the evidence, which is uncontradicted, is ample to establish the conclusion reached by us.

(2) The trustee paid to the rector of the Roman Catholic Church at St. Helena, who has charge of the Roman Catholic Cemetery at St. Helena, the sum of $150 to insure appropriate care of the cemetery plot of the author of the trust. This payment was in accordance with the provisions of the trust. The court below, upon the objection of some of the beneficiaries of the trust, held that this payment was an attempt to create a perpetuity, and therefore invalid. In this we think there was error. Such payments to a cemetery association, or to the person or persons who have charge of the upkeep of a cemetery, do not involve a perpetuity. The payment is made as a consideration for an agreement to give appropriate care to the cemetery plot, and, even if there be an agreement to care for that plot for all time, there is no tying up property giving rise to a perpetuity.

(3) In his account the trustee made claim to compensation in an amount which the court below reduced by $250. Although the services of the trustee extended over a considerable period of time and were properly and zealously performed, nevertheless, considering the size of the trust estate, we think it was a legitimate exercise of discretion for the court to reduce the compensation by the amount disallowed.

This disposes of the questions presented by the appeal of the trustee, and we shall now take up the appeal of the beneficiaries.

By the terms of the trust the trustee was required to pay specified sums of money to specified Roman Catholic churches for the celebration of masses in line with the pious intention of the author of the trust. It is claimed by the beneficiaries that these churches had not legal capacity to take the donations provided for in the trust, but we think the only question involved is the question to whom these donations were made. (*In re Gibson*, 75 Cal. 329, [17 Pac. 438].) "A bequest to a school has been held to be a gift to the schoolmaster; one to a church a gift to the parson and his successors; one to parishioners a gift to church wardens." (See *Domestic and Foreign Mission Societies' Appeal*, 30 Pa. St. 436.)

In line with these obviously correct decisions we hold that a gift to a particular church is a gift to the pastor or rector of that church, or to the vestrymen or trustees of the congregation, or to the presiding elder or bishop, or to any other person or persons to whom the revenues of that particular church are payable or by whom they are controlled or disbursed.

It is conceded by appellants that if the direction had been to make payment to the pastor of the church rather than to the church itself, the direction would have been valid. (*Estate of Lennon*, 152 Cal. 327, 330, [125 Am. St. Rep. 58, 14 Ann. Cas. 1024, 92 Pac. 870].)

The conclusion thus reached by us makes it unnecessary to here deal with the question whether gifts for masses, oftentimes in line with special intentions of donors and which are gifts for the promotion of divine worship, do or do not give rise to charitable trusts, which are defined to involve gifts for the benefit of an indefinite number of persons, either by bringing their hearts and minds under the influence of education or religion, or otherwise contributing to the betterment of their bodies or minds. These questions have been before the courts (*Estate of Lennon*, 152 Cal. 327, [125 Am. St. Rep. 58, 14 Ann. Cas. 1024, 92 Pac. 870] ; 11 C. J. 322; 2 Coffey, 165), but the position of the appellants has been otherwise met, and we need not now discuss the question just stated.

It is also argued that the gifts to charity under the trust exceed one-third of the trust estate. Without stopping to decide the question of fact thus presented, we hold that the provisions of section 1313 of the Civil Code apply only to wills (*Bowdoin College* v. *Merritt,* 75 Fed. 480), and therefore do not apply to the trust here involved. Furthermore, it is clear that this trust cannot be said to be testamentary in character. (*Tennant* v. *Tennant,* 167 Cal. 570, 577, [140 Pac. 242].)·

This disposes of the appeal by the beneficiaries.

As a result of the views expressed, we order that the judgment be reversed, with directions to the lower court to allow to the trustee the two items above mentioned, $231.25 and $150, with his costs of appeal, and that in all other respects the judgment be affirmed.

Beasly, J., *pro tem.*, and Kerrigan, J., concurred.