J. B. WILMES, Appellee, v. J. J. TIERNAY, Appellant, et al., Appellees.

WILLS: Construction—Intention of Testator. Intestacy will be 1 avoided if in reason possible, and the intention of the testator, if it can be ascertained, will be carried out.

WILLS: Construction—Parol Evidence to Identify Property. Where 2 there is an error in property described in a will, parol evidence is admissible for the purpose of identifying and pointing out the property intended to be described by the testator; and where the will of one owning the NW¼ NW¼ described the property as the NE¼ NE¼, which he did not own, the description may be cured by parol evidence.

WILLS: Charitable Trusts—Bequest for Masses. A bequest direct- 3 ing an executor to sell land and expend the proceeds for masses for the testator and his wife, when neither parish nor priest was designated as beneficiary, is not rendered uncertain or indefinite, and will not fail because of uncertainty, and is not invalidated by long delay in effecting the sale, although the land greatly increased in value, as the heirs of testator could have had the land sold at any time if they desired.

*Appeal from Plymouth District Court.*—WILLIAM HUTCHINSON, Judge.

OCTOBER 17, 1919.

SUIT in equity to compel the specific performance of a contract to convey real property. The facts are fully stated in the opinion. There was a decree in the court below in favor of plaintiff against all of the defendants, but this appeal involves only a controversy between the defendant J. J. Tiernay and his codefendants and cross-petitioners herein as to the proper division of the proceeds to be derived from the sale of the land.—*Reversed in part and remanded for decree.*

*P. Farrell* and *McDuffie & Keenan,* for appellant.

*Kass Bros. & Sievers* and *James T. Kelly,* for appellees.

STEVENS, J.—The will of James Tiernay was admitted to probate in Plymouth County, Iowa, May 7, 1891. Something over 900 acres of land in said county was disposed of thereby, but this controversy relates only to the northwest quarter of the northwest quarter of Section 3, Township 92, Range 44. After disposing of all the rest of his estate, the testator, by the fifth clause of his will, authorized and directed his executors to sell the *northeast quarter of the northeast quarter* of Section 3, Township 92, Range 44, Plymouth County, and expend the proceeds for masses for the benefit of himself and his deceased wife. J. J. Tiernay, who is the son of testator, was, with others, named as executors, and the former qualified as such, immediately upon the admission of the will to probate. On June 15, 1915, the executor, with the authority and approval of the court, entered into the contract in writing which forms the basis of this suit, by the terms of which he agreed to sell and convey to plaintiff the northwest quarter of the northwest quarter of Section 3, Township 92, Range 44, Plymouth County, Iowa, for an agreed consideration. Before this transaction was closed, however, it was discovered for the first time that the description contained in the fifth clause of the will was the *"northeast quarter ($\frac{1}{4}$) of the northeast quarter ($\frac{1}{4}$),"* instead

of as described in the contract. Thereafter, the executor caused a petition to be filed in the clerk's office, reciting that testator did not, at the time of his death, own the northeast quarter of the northeast quarter of said section, and had never owned the same, but that he did own the northwest quarter of the northwest quarter thereof, which tract was intended to be described in the will, and that the mistake in the description was merely a clerical error on the part of the scrivener who prepared the instrument. The court, upon hearing, found the facts to be as alleged in the petition, and that the testator intended to devise the northwest quarter of the northwest quarter, section, township, and range aforesaid.

Plaintiff, refusing to accept the title, later instituted this suit for the specific performance of the contract, making Katherine Boland and James Kelly, who, with the defendant James J. Tiernay, were the sole surviving heirs at law of testator, defendants. Katherine Boland and James Kelly each filed separate answer, and also a cross-petition attacking the validity of the above provision of the will upon two grounds: (a) That, as to the land in controversy, James Tiernay died intestate; and (b) that the bequest for masses is void for uncertainty, no person being named to receive the proceeds of the sale of said property. A trial was had, resulting in a decree finding the bequest for masses invalid for uncertainty, and, since the defendants and cross-petitioners had, in open court, consented to the sale, and signified their willingness to convey their respective interests in said land to plaintiff at the agreed consideration, the court decreed specific performance of the contract, as prayed. The court further found that, as to the tract in question, James Tiernay died intestate, leaving as his sole heirs defendants and cross-petitioners; fixed their respective interests in said real estate; and ordered the proceeds, when paid, to be distributed among

them, in accordance with such finding, specifically designating the amounts to be paid to each. The defendant James Tiernay alone appeals.

I. It is conceded by all parties that testator was not, at any time, the owner of the northeast quarter of the northeast quarter of Section 3, Township 92, Range 44,

**1. WILLS: construction: intention of testator.** but that he did die seized of the northwest quarter of the northwest quarter of said section, township, and range, and that, unless said tract was disposed of by the above provision of the will, he died intestate as to same. It is the settled rule of this state that intestacy will be avoided if avoidance is in reason possible, and the intention of the testator, if it can be ascertained, will be carried out. *Feddersen v. Matthiesen,* 185 Iowa 183, and cases cited.

We have often held that, where there is an error in describing property in a will, parol evidence is admissible for the purpose of identifying and pointing out the property intended to be described by the testator.

**2. WILLS: construction: parol evidence to identify property.** *Whitehouse v. Whitehouse,* 136 Iowa 165; *Flynn v. Holman,* 119 Iowa 731; *Pring v. Swarm,* 176 Iowa 153; *Will of Boeck,* 160 Wis. 577 (152 N. W. 155); *Stewart v. Stewart,* 96 Iowa 620.

As before stated, testator never owned the tract described in the will, by which he disposed of more than 900 acres without describing or referring to the northwest quarter of the northwest quarter of Section 3, Township 92, Range 44. That he intended the land owned by him in the northwest quarter of said section to be sold, and the proceeds expended for masses, is certain, and the will must be construed and enforced the same as though no mistake had occurred in the description of the property. The cases cited supra are directly in point, and decisive of this question.

II. It is next contended by counsel that the clause of

the will under consideration is void for uncertainty and indefiniteness in the designation of a beneficiary. Bequests for masses are generally sustained in this country (except where same contravenes some provision of statute), under the doctrine of charitable or pious trusts, as is illustrated by the following cases: *Strother v. Barrow*, 246 Mo. 241 (151 S. W. 960); *In re Estate of Lennon*, 152 Cal. 327 (92 Pac. 870); *Sherman v. Baker*, 20 R. I. 446 (40 Atl. 11); *O'Donnell's Estate*, 209 Pa. St. 63 (58 Atl. 120); *Burke v. Burke*, 259 Ill. 262 (102 N. E. 293); *Hoeffer v. Clogan*, 171 Ill. 462 (49 N. E. 527); *Will of Kavanaugh*, 143 Wis. 90 (126 N. W. 672); *Webster v. Sughrow*, 69 N. H. 380 (45 Atl. 139).

3. WILLS: charitable trusts: bequest for masses.

The doctrine of charitable or pious trusts, as applied to bequests of this character, has not been adopted in this state; but a bequest "to the Catholic priest who may be pastor of Beaver Catholic Church * * * that masses may be said for me," was sustained in *Moran v. Moran*, 104 Iowa 216, as being in the nature of a private trust, and not in contravention of the statutes of this state. The court, in the course of its opinion, said:

"It is an expenditure directed by the testator for a service promised to him, and the fact that, when the service is to be rendered, he will not be living, so as to be a beneficiary in this life, is a matter of no concern to the courts. His soul's welfare in the hereafter is a matter of his personal concern, for which, when not contravening public policy, he may act as his judgment and beliefs shall direct. It is not the province of the courts to inquire as to the soundness or reasonableness of religious beliefs, but to respect all such, and the ceremonies of their observance, wherein they do not militate against the public peace and security. The provision is little different from one for the erection of a monument after his death, or the doing of

any other act that he might desire, not intended for the benefit of anyone living, but which, if living, he might lawfully do. Such bequests, if made so definitely as that the intent may be known and carried into effect, are valid."

See, also, *Seda v. Huble,* 75 Iowa 429.

Deceased was a member of and attended St. James Catholic Church, at LeMars, Iowa. In his will he expressed solicitude for some of his grandchildren, whom he enjoined to be faithful to the creed in which they were baptized, and to perform their duties as required thereby. It may be assumed that his deceased wife was also a member of the Roman Catholic Church. The purpose of the testator was to make suitable provision for prayers for the repose of his own soul and the soul of his deceased wife. His desire and intention are clearly expressed in the will, and the only ground upon which its invalidity is urged is that neither parish nor priest is designated as beneficiary. The bequest was not intended primarily for the benefit of any particular parish or priest, but for the purpose above indicated. The faith and doctrine of the Roman Catholic Church in relation to prayers for the souls of deceased members thereof is universal, and the same in all parishes. Masses may, therefore, be as well offered in one church and by one priest as another. The executor was charged with the duty of carrying out this provision of the will, and the court had full power and jurisdiction to compel him to do so. The only discretion confided to the executor was in the matter of selecting the church and one or more priests to perform the office of saying masses. Had testator desired any particular parish or priest to receive the money or to offer prayers, he would doubtless have made the selection in his will. His purpose and intention were not rendered uncertain or indefinite by the failure to do this, and we see no reason why the bequest should fail because of uncertainty. Similar bequests were sustained in *Matter of*

*Eppig,* 63 Misc. 613 (118 N. Y. Supp. 683), and *Coleman v. O'Leary's Exr.,* 24 Ky. L. Rep. 1248 (70 S. W. 1068).

The provision of the will construed by the court in *Moran v. Moran,* supra, and held invalid, was as follows:

"To be divided among the Sisters of Charity, by William Toomey, William Moran, and Rev. H. V. Malone, $500."

The ground upon which the court held the same invalid was that, as sisters of charity are general throughout the state and country, no one could tell from the bequest among whom the division should be made; but in the case at bar, the devise was to the executors, to be expended for masses, which could be said by any one or more Catholic priests whom the executors might select for that purpose. The gift in the *Moran* case was for the benefit of the sisters of charity, but the particular persons to be benefited were not designated; whereas, in the case at bar, the bequest is not for the benefit of any church or priest to whom the same might be paid, but for the benefit of testator and his deceased wife. Therefore, even conceding that the holding of the court with reference to the bequest to the sisters of charity was right, it is not in conflict with the conclusion reached herein. It is unnecessary to review the authorities cited in the briefs of counsel for appellee, as they are without controlling importance.

III. Some claim is made in argument that the bequest in question failed because of the long delay in selling the land, and cannot now be carried out. We are cited to no authority to sustain this claim. The land has, of course, greatly increased in value, but we fail to see wherein this invalidates this provision of the will. Cross-petitioners had at least the common interest of kindred, in seeing that the wishes of deceased, as expressed in his will, were respected and carried out by the executor. Dereliction of the executor in the performance of his duty can afford no excuse

for the failure of cross-petitioners, who, we assume, were familiar with the terms of the will, to take the necessary steps to compel the executor to do his duty. They must have known that the land had not been sold. Had the matter been brought to the attention of the court, no doubt an order directing the executor to sell the land and expend the proceeds for the purpose intended would have been entered and enforced. We reach the conclusion, therefore, that the provision of the will in question was valid; that, in so far as the court found them entitled thereto, and awarded the proceeds of the sale to the defendant James J. Tiernay and interveners Katherine Boland and James Kelly, the same must be set aside; but the portion thereof requiring specific performance of the contract by the executor is sustained. The cause is, therefore, remanded to the district court of Plymouth County for decree in harmony herewith, or, if either party desire, decree may be entered in this court.—*Reversed in part and remanded.*

LADD, C. J., WEAVER and GAYNOR, JJ., concur.