CONRAD HOEFLING, Appellee, v. MRS. E. T. BORSEN et al., Appellants.

QUIETING TITLE: Proper Party Defendant. In an action by a purchaser for specific performance and to quiet title, a third person who has, under contract with the vendor, acquired an interest in the subject-matter and in the method of payment, and caused the purchaser to consent thereto, is a proper party defendant.

WILLS: Misdescribed Devise. A devise of ''our 22-acre farm north of town'' may be aided by oral testimony that testator did own such a farm *and no other,* even though the devise also described the farm as in a named township which was *south* of said town.

VENDOR AND PURCHASER: Dual Capacity of Agent. The validity of a contract of purchase is not affected by the fact that the agent

of the vendor, in good faith and with the full knowledge of vendor, agreed to advance for the purchaser the initial payment, and, in carrying out such agreement, assumed to sign the same as agent for the purchaser.

APPEAL AND ERROR: Judgment on Supersedeas. Judgment may be had on the supersedeas bond on appeal for costs and for the rental value of the premises from which appellee has been wrongfully excluded pending the appeal.

*Appeal from Sac District Court.*—M. E. HUTCHISON, Judge.

JANUARY 11, 1921.

SUIT for specific performance and to quiet title. There was a decree for the plaintiff, and the defendants appeal.—*Affirmed.*

*A. B. Walter* and *Charles S. Macomber,* for appellants.

*W. A. Helsell,* for appellee.

EVANS, C. J.—On December 5, 1918, the plaintiff entered into a contract with the defendant Mrs. Borsen, whereby the plaintiff agreed to buy, and Mrs. Borsen agreed to sell, for the consideration of $10,000, a certain 22-acre farm, the contract to be performed on March 1, 1919. On the latter date, the plaintiff tendered performance, and Mrs. Borsen refused. Her grounds of refusal present the questions for consideration. The only defense set up by her in her original answer was a denial of certain allegations of the petition, which denial, however, was predicated upon her alleged mental incompetency to make the contract. She appeared by her son as guardian, who was appointed as such after the beginning of this suit. Some months later, she filed an amendment to her answer, pleading that she signed the contract under the belief that she owned the property, and that she was so informed by her agent; whereas, in truth, she owned only one third thereof. A second amendment was filed, wherein she pleaded the fraud of her agents, in that they became the agents of the purchaser, for the purpose of obtaining the contract of sale. The defense of Bernard Borsen in his individual capacity was predicated upon the denial of any lia-

bility upon the contract upon his part, for the reason that he was not a party thereto. The farm in question was owned at the time of his death by E. T. Borsen, who died testate in 1907, leaving the defendant Mrs. Borsen as his surviving widow, and the defendant Bernard Borsen as his only heir. His will devised to his wife as follows:

"First: Our twenty-two acre farm Section 27, Wheeler Township north of town, I bequeath to my wife Anna E. Borsen with full right to sell it if she so wishes."

The claim that Mrs. Borsen was not the owner of the land was predicated upon this description, as being insufficient to carry to her the title of the land. The only farm owned by the testator was a 22-acre farm, upon which he and his wife lived. It was in Section 27, and was north of town. It was not in Wheeler Township. There was no Wheeler Township north of town. There was a Wheeler Township south of town. After the contract sued on had been entered into, the son, Bernard, brought an action against his mother, to establish his title to two thirds of the land, and predicated his claim upon the alleged misdescription above set forth. This suit was settled by stipulation, prior to the trial of the case before us. By such stipulation between the mother and son, it was agreed that the mother should perform her contract with the plaintiff, and convey the land to him. But it was also stipulated that $8,000 of the purchase money should be paid to a named bank as trustee, and that such trustee should pay to the mother, during her life, the income from such fund, and, subject to such proviso, should hold the same as the property of the son, Bernard. This stipulation was presented to the plaintiff for his consent thereto. He signed his written consent thereto, and agreed to change the method of payment, to conform to such stipulation.

I. Was Mrs. Borsen mentally incompetent to enter into the contract? The trial court found in the negative. It is sufficient to say that we find the evidence clearly insufficient to justify an affirmative finding. In view of our accord with the finding below on that question, no useful purpose can be served by a detailed discussion of the evidence.

II. Was the defendant Mrs. Borsen entitled to defeat the plaintiff in his action because of the alleged defect in her title?

Closely associated with this question is the further question whether Bernard Borsen was properly made

1. QUIETING
   TITLE: proper
   party defendant.

a party defendant in his individual capacity. The argument for him is that he was not a party to the contract, and that, therefore, he could not be required to perform it. If that were a correct premise, it would still remain that he was subject to an action to quiet title, if he made claim adverse to his mother's title. But it is clear, also, that he made himself a party to his mother's contract by the stipulation entered into between him and his mother, and agreed to by the plaintiff. The plaintiff thereby bound himself, not only to the mother, but to the son, Bernard, for the payment of $8,000 to a trustee, who should hold the money as that of Bernard. The plaintiff, by having entered into such undertaking, was bound by it, and could not have escaped his liability thereon to the defendant Bernard, if he had wished to do so. Bernard became likewise bound by the same contract. The final outcome was a three-sided contract. We are clear, therefore, that Bernard was properly made a defendant for the purpose of specific performance as well as for the purpose of quieting title.

This being true, it is not strictly necessary to determine what was the effect, as between mother and son, of the alleged misdescription in the father's will, though much attention has

2. WILLS: mis-
   described de-
   vise.

been given to that question in appellant's argument. If the devise fails for erroneous description, then the property passed by descent to the widow and to the only heir. Both of these having bound themselves to the plaintiff, he is not interested in their respective claims to the title. It may be noted, however, that the mother had been in possession of this land, claiming to be the full owner thereof, for more than 10 years. The son, Bernard, had never disputed the same, prior to the making of this contract. Nor are we prepared to say that there is any defect in the title of the mother by reason of the alleged misdescription. The misdescription consists of the words "Wheeler Township." There is no other error. The claim that the remaining description is insufficient, for want of specification of township and range, is not tenable. Oral evidence is always admissible to discover and point out the subject-matter of a purported devise.

"Our 22-acre farm north of town" was a sufficient description, when it was made to appear that the testator owned, and with his wife occupied, a farm of "22 acres north of town," and that he owned no other. In such a case, it would be proper to treat such farm as covered by the devise, whatever its specific description. Whether the misdescription "Wheeler Township" was sufficient to defeat it, presents a different question. Even in such a case, where the misdescription is made clearly manifest as such, it is not necessarily fatal to the devise. If the misdescription be of such nature that *no* effect can be given to it, it itself may be ignored. If sufficient remains to disclose the testator's manifest intent, the devise will be applied to its subject-matter, notwithstanding the misdescription. *Wilmes v. Tiernay,* 187 Iowa 390; *Pring v. Swarm,* 176 Iowa 153; *Ellsworth College v. Carleton,* 178 Iowa 845.

In this case, the intent of the testator to devise to his wife the farm in question was clear and unmistakable, and we see little trouble in giving effect to that devise.

III. It is made to appear that Mrs. Borsen listed her farm for sale with her real estate agents, Sampson & Sampson, and that they solicited the plaintiff as buyer. The plaintiff first consented to the price, but insisted upon time for payment of part of the purchase money. A contract to that effect was submitted to Mrs. Borsen for her approval, and was rejected by her. She insisted that the purchase price must be all paid on the first of March. A contract to that effect was prepared by Sampson & Sampson, who again solicited the plaintiff to buy on these terms. This contract called for the down payment of $1,000, with balance on the first of March. The plaintiff assented to this contract, under an arrangement whereby Sampson & Sampson agreed to advance for him the down payment of $1,000. The contract was thereupon presented to Mrs. Borsen, who signed the same. At the same time, Sampson & Sampson signed the same, as purported *agents for Hoefling.* This circumstance has been put forward on behalf of the defendant, as an alleged fraud on the part of Sampson & Sampson, in acting in a dual capacity, without the consent or knowledge of the defendant. The only explanation made of this action on the part of the Sampsons is

3. VENDOR AND PURCHASER: dual capacity of agent.

their mistaken conception that something of that kind was necessary, in order to make a binding contract between the parties. They were not, in fact, agents for the plaintiff, and had not been authorized by him to sign for him. The contract was immediately submitted to him, and was signed by him in his own behalf. They obtained no commission or other benefit from the plaintiff. The only consideration moving to the Sampsons was the earned commission stipulated for between them and the defendant. How far Sampson & Sampson may have compromised their rights, as between them and Mrs. Borsen, by their inadvertent act, we need not consider. The plaintiff was not responsible for it. Moreover, no actual fraud was intended by Sampson & Sampson, nor was any wrong perpetrated upon Mrs. Borsen. What was done was so done with her knowledge, and in her presence. The act itself was quite nugatory, in legal effect. It does not constitute a defense to the contract, as against the plaintiff.

The foregoing presents the principal grounds relied on for a reversal. We can sustain none of them.

IV. The decree entered below was so entered in December, 1919. A supersedeas bond was filed. The plaintiff moves for judgment upon the supersedeas bond for costs and for damages for the delay in giving possession. The evidence shows the rental value of the property to be $500 per year. The trial court allowed damages up to the date of the decree. The motion for judgment on the bond is sustained. The damages will be fixed at $500, as the rental value of the property pending the appeal.

*4. APPEAL AND ERROR: judgment on supersedeas.*

The decree entered below is in all respects—*Affirmed.*

WEAVER, PRESTON, and DEGRAFF, JJ., concur.