<hr />

[In Bank. — June 29, 1883.]

IN THE MATTER OF THE ESTATE OF HENRY E. ROBINSON, DECEASED — RESIDUARY LEGATEES, APPELLANTS.

WILL — BEQUEST FOR CHARITABLE PURPOSES. — A bequest of money to the mayor and common council and commonalty of the city of San Francisco in trust to invest the same, and. to pay the interest from time to time as they may deem proper to the destitute women and children of that city, is a bequest for charitable purposes, and not in violation of any provision of the Constitution or statutes of this State against perpetuities.

ID. — CAPACITY OF THE CORPORATION TO TAKE. — Under section 1313 of the Civil Code, a municipal corporation may take property in trust for charitable purposes within the general scope of its powers and duties. The care and support of its indigent women and chileren are matters germane to the objects of the municipality, and it is competent for the corporation to take a bequest for such purposes, and administer the trust as directed by the testator.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco making distribution of the estate of the deceased.

The facts are sufficiently stated in the opinion of the court.

D. P. Belknap, and C. J. Swift, for Appellants. (Cited McCartee v. Orphan Asylum, 9 Cowen, 437; §§ 1275, 1313, Civ. Code.)

W. C. Burnett, for the Mayor and the city and county of San Francisco, Respondents.

Ross, J. — Henry E. Robinson, by his will executed in the State of New York, bequeathed "to the mayor, common council and commonalty of the city of San Francisco, California, the sum of forty thousand dollars ($40,000), in trust, to be by them and their successors invested to the best advantage, the interest accruing thereon to be paid out from time to time to the destitute women and children of the city of San Francisco, California, in such a manner as such mayor and common council may deem most proper and beneficial."

Mr. Robinson having died and administration upon his estate having been had, the court below, in the decree of distribution, directed the executor to pay, out of the estate, "to the mayor and board of supervisors of the city and county of San Francisco the sum of forty thousand dollars in trust, to be by them and their successors in office invested to the best advantage, the interest accruing thereon to be paid out from time to time to the destitute women and children of the city of San Francisco, California, in such a manner as such mayor and board of supervisors may deem most proper and beneficial." The appeal is from this portion of the decree.

We do not understand appellants to claim that the court below erred in substituting the legal appellation of the municipality in question for that employed by the testator, but their claim is that the bequest itself is void because prohibited by statute.

In the *Estate of Hinckley,* 58 Cal. 457, we held that trusts for perpetual charitable uses are not in conflict with the Constitution of the State, nor are they in conflict with those provisions of the Civil Code which prohibit perpetuities; and further, that the perpetuities prohibited by the common law do not include trusts for charitable uses. It is here contended, however, that by section 1275 of the Civil Code, all corporations, other than those formed for scientific, literary, or solely educational purposes (within which exception the municipality in question does not come), are prohibited from taking under a will, unless expressly authorized by statute to take, and that the statute nowhere authorizes this corporation to take a bequest in trust for charitable uses.

The first of these propositions is obviously true, for the statute in terms so declares. It reads: "Sec. 1275. A testamentary

disposition may be made to any person capable by law of taking the property so disposed of, except corporations other than those formed for scientific, literary, or solely educational purposes, cannot take under a will, unless expressly authorized by statute." But section 1313 of the same Code is as follows; "No estate, real or personal, shall be bequeathed or devised to any charitable or benevolent society, or corporation, or to any person or persons, in trust for charitable uses, except the same be done by will duly executed at least thirty days before the decease of the testator; and if so made at least thirty days prior to such death, such devise or legacy, and each of them, shall be valid: *provided*, that no such devises or bequests shall collectively exceed one third of the estate of the testator leaving legal heirs, and in such case a *pro rata* deduction from such devises or bequests shall be made, so as to reduce the aggregate thereof to one third of such estate; and all dispositions of property contrary hereto shall be void and go to the residuary legatee or devisee, next of kin, or heirs, according to law."

This section recognizes the right on the part of the testator to give to charitable uses, with such limitations as the legislature deemed sufficient to prevent extravagant donations—"to the disherison of natural heirs"—for by it, it is expressly declared that a bequest or devise made to any charitable or benevolent society, or *corporation*, or to any person or persons, in trust for charitable uses, if made at least thirty days prior to the death of the testator, *shall be valid;* subject to the *proviso* therein contained.

In the present case, the bequest was made more than thirty days prior to the death of the testator, and it does not fall within the *proviso* to the section. There is, therefore, express statutory authority for it, unless there is something in the nature of the corporation, upon which the trust is conferred, that prevents it from taking. The bequest, as must be admitted, is a most laudable one. It is a charity, for it is not limited to any particular persons. The objects to be benefited were strangers to the testator. They are the destitute women and children of the city of San Francisco. The care and protection and support of these are objects within the general scope and purpose of the municipal corporation, although not its immediate purpose. The purpose

for which the trust was conferred being, therefore, germane to the objects of the corporation, there is no reason why it may not take, under the statute, and abundant authorities sustain the proposition that it may. "Not only may municipal corporations," says Dillon on Municipal Corporations, vol. 2, sec. 567, "take and hold property in their own right by direct gift, conveyance, or devise, but the cases firmly establish the principle, also, that such corporations, at least in this country, are capable, unless specially restrained, of *taking property*, real and personal, *in trust*, for purposes germane to the objects of the corporation, or which will promote, aid, or assist in carrying out or perfecting those objects. So such corporations may become *cestuis que trust* within the scope of the purposes for which they are created. And where the trust reposed in the corporation is for the benefit of the corporation, or for a charity within the scope of its duties, it may be compelled, in equity, to administer and execute it. But the legislature may divest a municipal corporation of the power to administer the charitable trusts conferred upon it, and appoint or provide for the appointment of new trustees independent of the corporation, and vest in them the management of such trusts."

Judgment affirmed.

MYRICK, J., SHARPSTEIN, J., THORNTON, J., and McKEE, J., concurred.