[No. 14590.    Department One. — April 28, 1892.]

IN THE MATTER OF THE ESTATE OF NANCY HEWITT, DECEASED.

WILLS — CHARITABLE AND BENEVOLENT SOCIETY — BEQUEST TO. — A religious society, such as the board of trustees of a Presbyterian church, is both "charitable" and "benevolent," within the meaning of section 1313 of the Civil Code, prohibiting a devise or bequest of more than one third of an estate to such society, or in trust for charitable uses.

ID. — CHARITABLE USES. — A bequest to the board of trustees of a religious society, to be "used for missionary purposes," and to be "equally divided between foreign and domestic missions," is a bequest in trust for charitable uses, within the meaning of section 1313 of the Civil Code.

APPEAL from a judgment of the Superior Court of San Joaquin County.

The facts are stated in the opinion.

*Louttit, Woods, & Levinsky,* for Appellant.

The inhibition of section 1313 of the Civil Code does not apply to religious societies, or corporations organized prior to the adoption of the code. (*Estate of Eastman,* 60 Cal. 308; *Swamp Land District* v. *Haggin,* 64 Cal. 204; *People* v. *Parvin,* 74 Cal. 549.)

*Nutter & De Vries, Ed I. Jones, P. W. Bennett,* and *F. T. Baldwin,* for Respondents.

The gift to the religious societies was void to the extent that it exceeded one third of the estate. (Civ. Code, sec. 1313.)

FOOTE, C. — The executor of Nancy Hewitt, deceased, filed his petition for final distribution of his testator's estate, in which he claimed that under her will the residue of her estate, after the payment of certain specific legacies, debts, funeral, and other expenses, should be divided equally among three Presbyterian churches. In the language of the will: " To the board of trustees of the Reformed Presbyterian church of Alleghany, Pennsylvania, to the board of trustees of the United Presbyterian church of Pittsburg, Pennsylvania, and to the board of trustees of the First Presbyterian church of Stockton, California, share and share alike. It is my desire that the amounts bequeathed to the board of trustees of the several churches above named shall be used for missionary purposes, the same to be equally divided between foreign and domestic missions."

It is admitted that the residue of the estate is more than one third of the distributable assets of the testator's estate, and the distribution prayed for is resisted by certain heirs at law of the decedent, on the ground that the clause of the will above quoted is null and void, except to the extent of the disposition of one third of the distributable assets above mentioned.

In accordance with the claim of the heirs at law of

the decedent, the court below made a decree of distribution to each of the churches heretofore mentioned, one ninth of the distributable assets of the estate,— that is, to the three together, one third of such distributable assets.

From this decree one of the churches only, the First Presbyterian church of Stockton, appeals, as to so much thereof as refuses to distribute to it a full one third of the residue of the estate of the decedent.

The appellant, for a reversal of so much of the decree as is appealed from, claims that religious societies are not such charitable corporations as are mentioned in section 1313 of the Civil Code, which reads as follows:—

"No estate, real or personal, shall be bequeathed or devised to any charitable or benevolent society, or corporation, or to any person or persons in trust for charitable uses, except the same be done by will duly executed at least thirty days before the decease of the testator; and if so made, at least thirty days prior to such death, such devise or legacy, and each of them, shall be valid; provided, that no such devises or bequests shall collectively exceed one third of the estate of the testator leaving legal heirs, and in such case a *pro rata* deduction from such devises or bequests shall be made so as to reduce the aggregate thereof to one third of such estate; and all dispositions of property made contrary hereto shall be void, and go to the residuary legatee or devisee, next of kin, or heirs, according to law."

In *Estate of Hinckley*, 58 Cal. 511, it was said by this court: "It is admitted that 'learning' is a charitable use. We shall endeavor to show that 'religion,' in the broad sense in which the word is employed, is charitable. Thus the intent of the testator is made more specific, and those things are benevolent or beneficent which advance religion and learning and aid the poor."

In *Kerr* v. *Dougherty*, 79 N. Y. 338, the court, in giving construction to a section of the statutes of that state similar to section 1313 of our Civil Code, where a seminary for the instruction of theological students was the proposed devisee, said, among other things: "It is also

'benevolent,' for it was incorporated to impart religious instruction, without any purpose of gain.    For the same reason, it comes within the definition of 'charitable,' as charitable uses embrace gifts for general public uses, and may include both the rich and the poor."    (See also Perry on Trusts, sec. 701.)

But if religious societies like the appellant did not, as such, come within the definition of "charitable or benevolent," as meant by the statute, yet the will of the testator and the decree of the court both show, and there is nothing in the record to the contrary, that the be-. quests to these churches were in trust "for charitable uses," under section 1313 of the Civil Code, for "missionary purposes, the same to be equally divided between foreign and domestic missions."

We conclude that the judgment appealed from should be affirmed; and so advise.

VANCLIEF, C., and FITZGERALD, concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.