[L. A. No. 6068. In Bank.—June 6, 1921.]

In the Matter of the Estate of VICTOR DOL, Deceased. LOS ANGELES COUNTY PIONEER SOCIETY, Respondent, v. FRANK P. FLINT et al., Executors, Appellants.

[1] CHARITABLE CORPORATION—COLLECTION AND PRESERVATION OF DATA AND ARTICLES OF EARLY STATE HISTORY.—A corporation organized for the purpose of the collection and preservation of data touching the early history of the state and the collection and preservation of articles, specimens, and material things illustrative of the customs, modes, and habits of the early times in California and the perpetuation of the memory of those who contributed to make the history of the state, is a charitable and benevolent corporation.

[2] ID.—DEFINITION OF CHARITABLE CORPORATION.—A charitable corporation is one organized for the purpose, among other things, of promoting the welfare of mankind at large, or of a community, or of some class forming a part of it indefinite as to number or individuals.

[3] ESTATES OF DECEASED PERSONS—VOID BEQUEST TO CHARITABLE CORPORATION.—A bequest made to a charitable and benevolent corporation within thirty days prior to the death of the testator is void under section 1313 of the Civil Code.

APPEAL from an order of the Superior Court of Los Angeles County directing payment of a bequest. James C. Rives, Judge. Reversed.

The facts are stated in the opinion of the court.

Frank P. Flint and Donald Barker, *in pro per.*

Flint & Jutten, Flint & MacKay, Donald Barker and Wm. H. Neblett for Appellants.

Will D. Gould for Respondent.

SHAW, J.—The executors of the will and the residuary legatees appeal from a decree distributing and ordering paid a bequest of two thousand dollars made by the will of the decedent to the respondent, an incorporated society, known as "Los Angeles County Pioneer Society."

The will was executed less than thirty days prior to the death of the testator. If the respondent is a "charitable or benevolent" corporation, the bequest is void under the provisions of section 1313 of the Civil Code, declaring that "No estate, real or personal, shall be bequeathed or devised to any charitable or benevolent society or corporation, or to any person or persons in trust for charitable uses, except the same be done by will duly executed at least thirty days before the decease of the testator." If this point is good, the other points made by appellant need not be considered.

The articles of incorporation of the respondent state the purposes for which it was formed, as follows:

"That the purpose for which this corporation is formed is to cultivate social intercourse and friendship among its members, to collect and preserve data touching the early history of Los Angeles county and state of California, to collect and preserve articles, specimens and material things illustrative or demonstrative of the customs, modes and habits of the aforesaid times in said state; to perpetuate the memory of those who, by their labors and heroism, contributed to make the history of said county and state; and in furtherance of said purpose to receive, purchase, sell, hold, convey, lease, rent and maintain all kinds of property, both real and personal, to build club houses, and to do any and all acts necessary and convenient for the promotion of said purpose; and to exist as a social corporation under the provisions of the laws of the state of California, covering such corporations, and not for pecuniary profit."

The corporation has no capital stock and it is stated in the bill of exceptions that the paragraph above quoted is the only part of its articles material to be considered upon the issues presented in the case.

[1] We are of the opinion that the respondent is a charitable and benevolent corporation. If its only object were to cultivate social intercourse and friendship among its members, it would be for the benefit of the members alone and it would not come within that class. But it is apparent from a reading of the part of the articles above quoted that this was but a minor part of its purposes. [2] A charitable corporation is one organized for the purpose, among other things, of promoting the welfare of mankind

at large, or of a community, or of some class forming a part of it indefinite as to numbers and individuals. It is impossible to enumerate specifically all purposes which characterize such corporations as charitable. "The difficulty is inherent in the subject matter itself. With the progress of civilization new needs are developed, new vices spring up, new forms of human activity manifest themselves, any or all of which, for their advancement or suppression, may become the proper objects of an eleemosynary trust." (*People* v. *Cogswell*, 113 Cal. 138, [35 L. R. A. 269, 45 Pac. 271].) In *Estate of Winchester*, 133 Cal. 271, [54 L. R. A. 281, 65 Pac. 475], the status of a society known as the Santa Barbara Natural History Society was under consideration. It was an unincorporated society "having for its object to advance the study and promote knowledge of the various branches of natural history, by holding meetings, providing for lectures, and establishing a museum of natural history specimens." It was held to be a charitable society. Its purposes are not materially different from those of the respondent. The case seems to be decisive of the case at bar. The collection and preservation of data touching the early history of the state and the collection and preservation of articles, specimens, and material things illustrative of the customs, modes, and habits of the early times in California and the perpetuation of the memory of those who contributed to make the history of the state are obviously purposes tending to the benefit of the public at large by furnishing means of information and knowledge of the history of the state. A case almost exactly parallel to the present one is *Molly Varnum Chapter, D. A. R.,* v. *Lowell,* 204 Mass. 487, [26 L. R. A. (N. S.) 707, 90 N. E. 893]. The plaintiff corporation in that case was organized "for the purpose of perpetuating the memory of the men and women who achieved American independence, of acquiring and protecting historical spots, encouraging historical research and the publication of its results, preserving documents and relics and individual records of revolutionary soldiers and patriots, and promoting the celebration of patriotic anniversaries, or cherishing, maintaining and extending the institutions of American freedom, and fostering true patriotism and love of country." It was held to be a charitable corporation. The court said: "If the sole object

had been the gratuitous collection and publication of facts connected with our revolutionary history this certainly would have been educational and of great value to the community. . . . The foundation upon which such an institution rests would be in aid of letters and charitable by intendment of law.'' It was also said that the encouragement and promotion of historical research and the publication of results in the form of books, pamphlets, or periodicals without profit ''is within the statutory category,'' and that property held for that purpose was exempt from taxation as a charitable and benevolent institution under the exemption statute of that state. There is no material distinction between these cases and that here presented.

It may be urged that the articles contain no provision whereby any person not a member thereof may receive any benefit from the carrying out of its corporate purposes. This may be true as to the cultivation of social intercourse and friendship among its members, although as there is no limit as to the number of members, or as to conditions of admission, the membership may embrace a large, and indefinite portion of the public. But a reading of the article on the subject shows that the carrying out of the purposes defined will in the main benefit the general public as much as the members.

[3] In view of the foregoing authorities and upon general principles it seems clear that the respondent corporation was a charitable and benevolent corporation within the meaning of section 1313 of the Civil Code, and the bequest having been made within thirty days prior to the death of the testator, it is void under the provisions of that section.

The order is reversed.

Lennon, J., Wilbur, J., Olney, J., Sloane, J., Lawlor, J., and Angellotti, C. J., concurred.