[L. A. No. 6695. In Bank.—June 23, 1921.]

In the Matter of the Estate of WILLIAM LUBIN, Deceased.

[1] ESTATES OF DECEASED PERSONS—WILL—VOID BEQUESTS TO JEWISH SYNAGOGUE.—Bequests to the congregation of a Jewish synagogue for beautifying its cemetery and temple made within thirty days of the testator's death are void under section 1313 of the Civil Code.

[2] CHARITABLE CORPORATIONS—JEWISH SYNAGOGUE.—A Jewish synagogue organized for religious purposes under the sections of the Civil Code providing for the formation of corporations for religious, social and benevolent purposes is a charitable society or corporation within the legal meaning given to the word "charitable."

[3] ID.—PAYMENT OF ADMISSION FEE—LIMITATION OF PRIVILEGES—BY-LAWS—CHARACTER OF CORPORATION NOT CHANGED.—A Jewish synagogue organized for religious purposes under the sections of the Civil Code providing for the formation of corporations for religious, social, and benevolent purposes is a charitable corporation, although its by-laws provide that its members shall be elected by its board of directors and shall pay an admission fee and that the full privileges of the congregation are limited to its members, where it appears from its articles of incorporation that the primary object of the incorporation is the formation of a religious body for worship according to the Jewish faith.

[4] ID.—CONDUCT OF CEMETERY—CHARITABLE USE.—A cemetery conducted by a religious corporation charitable in nature and as one

2. Devise or bequest to church as charitable use, notes, 4 Ann. Cas. 1139; 9 Ann. Cas. 1202; Ann. Cas. 1914D, 451.

of the religious objects of the organization and for the benefit of those of the faith which the organization professes is charitable in its nature.

APPEAL from a judgment of the Superior Court of San Diego County. E. A. Luce, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. Weinberger and Johnson W. Puterbaugh for Appellant.

Wm. L. Morrison, A. Rosenthal and Wright & McKee for Respondent.

OLNEY, J.—One William Lubin died, leaving a will whereby he made two bequests to the Congregation of Beth Israel of San Diego, one of five thousand dollars for beautifying its cemetery and one of one thousand dollars for beautifying its temple. The will was made within thirty days of the testator's death, and because of this fact the probate court on final distribution held the bequests void under section 1313 of the Civil Code. The Congregation appeals.

The material portion of section 1313 of the Civil Code reads: "No estate, real or personal, shall be bequeathed or devised to any charitable or benevolent society or corporation, or to any person or persons in trust for charitable uses, except the same be done by will duly executed at least thirty days before the decease of the testator."

[1] The claims of the appellants are that it is not a charitable corporation, and also, as to the five thousand dollar bequest, that the beautifying of the cemetery is not a charitable use. It is difficult to see anything of substance in either claim.

[2] The appellant is a Jewish synagogue organized for religious purposes under the sections of the code (Civ. Code, secs. 593–605), providing for the formation of corporations for religious, social, and benevolent purposes. That such a society or corporation is a charitable one within the legal meaning given to the word "charitable" is beyond question. (11 Corpus Juris, 320; *Estate of Hinckley,* 58 Cal. 457; *Estate of Hewitt,* 94 Cal. 376, [29 Pac. 775]; *Estate of Hamilton,* 181 Cal. 758, [186 Pac. 587].) The contention of the

appellant is that, although it is a religious corporation, it is not a charitable corporation, because its by-laws provide that its members shall be elected by its board of directors and shall pay an admission fee, and that the full privileges of the Congregation are limited to members.  The argument is that because of these limitations the appellant is not an organization for public benefit, either for the benefit of the public generally or for a particular class of the public, but is for the benefit of the particular individuals who make up the membership, and, therefore, comes within the rule of *Estate of Dol*, 182 Cal. 159, [187 Pac. 428]. The immediate answer to this is that the by-laws relied upon do not have the effect of limiting the purpose of the corporation to that of benefiting in a religious way those particular individuals only who happen at the time to be members of the corporation. The appellant's articles of incorporation specify "That the purposes for which it is formed is for (*sic*) the purpose of religious worship after the manner of the Jews, and for constructing a synagogue for that purpose, and acquiring real estate for the site of such synagogue and for burial purposes."

The by-laws themselves begin with a somewhat fuller statement of the objects of the organization, specifying in effect that they are adopted for the furtherance of those objects. They commence thus: "The members of this Congregation, anxious to preserve, cherish and exercise the doctrines and precepts of the Mosaic Religion, solicitous of perpetuating the time-hallowed ancestral institutions for the establishment of public worship in accordance with the principles and ritual of Reform Judaism, desirous of maintaining schools for the instruction of the youth in the principles of Judaism, and wishing to make proper provision for the interment of the dead—have adopted the following Constitution and By-Laws":

[3] It is manifest that the by-laws are merely regulations adopted for the more effective carrying out of the objects so stated; that those objects are primarily to form a religious body for worship according to the Jewish faith, and far transcend any such exceedingly narrow purpose as that of benefiting solely those who happen to belong to the organization, and that the provisions as to admission to membership are merely regulations designed to safeguard the

organization against the admission of unworthy members, and are in no wise intended to so narrow the broad and beneficent purposes declared as fundamentally to change their character. In fact, any such narrowing of the purposes for which the appellant exists would be an essential departure from the spirit of the faith which it professes to follow.

We have no hesitation in holding that the appellant is a religious organization organized and existing for the benefit of all of like faith. It is therefore a charitable organization within the legal meaning of that word.

[4] As to the claim that the beautifying of the appellant's cemetery is not a charitable use, it proceeds upon much the same argument. It is not contended that a cemetery may not be a charitable use, but it is contended that the cemetery of the appellant is not such because it is not a place of public burial for all persons alike, but for those of the Jewish faith only, and of these for those only who are members of the congregation. A cemetery may, of course, be conducted for profit or in some other manner that precludes it from being considered as charitable in nature, just as a hospital may be. But it may also, like a hospital, be conducted in such a manner as to make it charitable in nature, and when, as here, it is conducted by a religious organization charitable in nature and as one of the religious objects of the organization and for the benefit of those of the faith which the organization professes, its charitable nature would seem to be clear. Such is the established rule. (11 Corpus Juris, 324, and cases there cited.) As to the limitation of the absolute right of burial to those who are members of the Congregation, suffice it to say that the practice has been to admit all who are members of the Jewish faith, although a higher fee is charged nonmembers than members, and also that since the privilege of burial is open to all members and there is no restriction on membership by those of the Jewish faith other than the regulation mentioned designed to protect the Congregation against unworthy members, the privilege is, in effect, open to those of the Jewish faith as a class. This is sufficient.

Judgment affirmed.

Shaw, J., Wilbur, J., Angellotti, C. J., Sloane, J., Lennon, J., and Lawlor, J., concurred.