[S. F. No. 10560. In Bank.—June 9, 1924.]

## E. C. STREET, as Trustee, etc., Appellant, v. G. BERTO-LONE et al., Respondents.

[1] HUSBAND AND WIFE—EARNINGS OF WIFE—LIABILITY FOR "DEBTS OF HUSBAND" — SECTION 168, CIVIL CODE — CONSTRUCTION. — The term "debts of the husband" contained in section 168 of the Civil Code, which provides that "The earnings of the wife are not liable for the debts of the husband," includes debts incurred by the husband for the benefit of the community as well as his own separate debts.

[2] ID.—EARNINGS OF WIFE—CHARACTER OF PROPERTY—CONSTRUCTION OF SECTION 168, CIVIL CODE.—Section 168 of the Civil Code does not provide that the earnings of the wife are her separate property, but that they are not liable for the debts of her husband. They continue to be community property for the purposes of administration and for the purposes of investment and other management by the husband; in other words, the earnings of the wife living with her husband are subject to the rules governing community property except in the single respect mentioned in said section, whereas the earnings of a wife living separate from her husband are not subject to any of the rules governing community property.

[3] ID.—EARNINGS OF WIFE PRESERVED SEPARATE FROM COMMUNITY PROPERTY—NONLIABILITY FOR DEBTS OF HUSBAND.—When the earnings of the wife are preserved separate and distinct from the rest of the community property, they cannot be reached by the creditors of the husband regardless of whether the debts contracted with these creditors are community debts or separate debts of the husband.

APPEAL from a judgment of the Superior Court of Alameda County. Joseph S. Koford, Judge. Affirmed.

The facts are stated in the opinion of the court.

Reuben G. Hunt for Appellant.

Max Meyer for Respondents.

1. Liability of community property for debts generally, notes, **Ann. Cas.** 1913A, 319; 19 L. R. A. 233.

3. Right of husband's creditors to reach fruits or his management of or services in connection with wife's separate estate or business, notes, 21 L. R. A. 629; 23 L. R. A. (N. S.) 1124.

LENNON, J.—In this action for an accounting and the delivery of personal property, the demurrer to the complaint was sustained with leave to amend. The plaintiff having failed to amend, judgment was thereupon entered in favor of defendants and the plaintiff has appealed therefrom. The complaint alleges, in substance, that, pursuant to petition duly filed, defendant G. Bertolone was adjudicated a bankrupt on the first day of July, 1922, by the district court of the United States; that plaintiff is the duly appointed, qualified, and acting trustee of the estate of said bankrupt; that the total liabilities of said bankrupt's estate amount to $9,000, due unsecured creditors; that the total amount of the assets of said estate, with the exception of the claim herein sued upon, equals $2,125 when reduced to cash; that defendants G. Bertolone and Clara Bertolone were married in 1902 and ever since that time have been and now are living together as husband and wife. The complaint further alleges, and therein lies the cause of the present controversy, that the defendant Clara Bertolone is now in the possession or control of certain personal property which was "acquired by the defendant, Clara Bertolone, as the result of her earnings from her personal service during her said marriage with the defendant, G. Bertolone, and no part of said personal property was acquired by defendant, Clara Bertolone, by gift, devise, bequest or descent." There follows an allegation of demand and refusal and a prayer for an accounting and the delivery of the property. The demurrer was sustained upon the ground that it appeared upon the face of the complaint that the property sued for on behalf of the creditors of the husband consisted of the earnings of the wife, and that section 168 of the Civil Code provides that "The earnings of the wife are not liable for the debts of the husband." The correctness of this ruling is the only point presented on this appeal. Appellant advances four propositions in support of his position: (1) that the section of the code above quoted merely exempts the earnings of the wife from liability for the *separate* debts of the husband; (2) earnings of the wife while living with her husband are community property; (3) debts contracted during the marriage are presumed to be community debts, and (4) it appears from the com-

plaint that the debts were contracted during the existence of the marriage. [1] We cannot concede the correctness of the first proposition, which is fundamental to appellant's case. Section 168 appears in a chapter of the Civil Code wherein the distinction between obligations of a community nature and those which pertain separately to husband or wife is of vital significance, and the other sections, among which it is placed, were evidently carefully drawn with this distinction uppermost in mind. The language of section 168 is clear and explicit and appellant's contention in so far as it involves the proposition that money earned by the wife may be taken for the debts of the husband is answered by the very language of the section itself. (*Finnegan* v. *Hibernia Sav. & Loan Soc.*, 63 Cal. 390.)   To hold that it provides that the earnings of the wife are not liable for the *separate* debts of the husband would require an unwarranted reading into the law of language not put there by the legislature and not necessitated either by reason of ambiguity or obvious error. The term "the debts of the husband," unless otherwise qualified, includes debts incurred by the husband for the benefit of the community as well as his own separate debts. This is so for the reason that the greater term includes the lesser. It is the husband who has charge of the incurring of community obligations and, in contemplation of law, such obligations are therefore the debts of the husband. That this is the meaning intended by the legislature is evidenced by the language of section 171 of the same code, which provides that "The separate property of the wife is liable for her own debts contracted before or after her marriage, but is not liable for her husband's debts; provided, that the separate property of the wife is liable for the payment of debts contracted by the husband or wife for the necessaries of life furnished to them or either of them while they are living together. . . . " This proviso expressly excepts from the "husband's debts," for the purposes of that section, the debts contracted by the husband for the necessaries of life furnished to them, the husband and wife. Had such debts, which are an important class of community obligations, not been included in the term "husband's debts" they would not have been inserted in the proviso. Appellant calls attention to section 169 of the Civil Code, which reads as follows: "The earnings and

accumulations of the wife, and of her minor children living with her or in her custody, while she is living separate and apart from her husband, are the separate property of the wife.'' It is urged that the provisions of this section, concerning the earnings of a wife living separate and apart from her husband, will be meaningless if the construction given by the trial court to section 168 is upheld, for the reason that earnings of the wife will be her separate property irrespective of whether she is living with or apart from her husband. This result does not follow. [2] Section 168 does not provide that the earnings of the wife are *her separate property,* but that they are *not liable for the debts of her husband.* They continue to be community property for the purposes of administration and for the purposes of investment and other management by the husband. In other words, the earnings of the wife living with her husband are subject to the rules governing community property except in the single respect mentioned in section 168, whereas the earnings of a wife living separate from her husband are not subject to any of the rules governing community property.

Likewise without foundation is appellant's contention that, even though the earnings of a wife be incorporated with the other community property, a sum equal to the amount of these earnings will always remain exempt from the community creditors. [3] For the purposes of this case it is only necessary to hold, that when the earnings of the wife are preserved separate and distinct from the rest of the community property, as is alleged in the present complaint, they cannot be reached by the creditors of the husband regardless of whether the debts contracted with these creditors are community debts or separate debts of the husband. Nor is it necessary to decide in this case whether or not the income from those earnings is liable for the debts of the husband. Had it not appeared upon the face of the complaint that the community property sought to be reached consisted of the earnings of the wife, the manner in which the property was acquired and the amount thereof thus acquired would perhaps have been a matter of special defense. However, inasmuch as it is conceded by plaintiff by the allegations of the complaint and the refusal to amend, that the entire property herein involved consists of property

earned by the wife, the property was not subject to the claims of the creditors in question.

The judgment is affirmed.

Seawell, J., Richards, J., Shenk, J., Lawlor, J., Myers, C. J., and Langdon, J., *pro tem.*, concurred.