[Civ. No. 8637. Second Appellate District, Division One.—April 21, 1933.]

In the Matter of the Estate of ALICE E. GARTHWAITE, Deceased. THE PEOPLE, Appellant, v. CITIZENS NATIONAL TRUST AND SAVINGS BANK OF LOS ANGELES (a National Banking Association), Executor, etc., et al., Respondents.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Appellant.

Lloyd Wright, Charles E. Millikin, Herschel B. Green and W. Cloyd Snyder for Respondents.

HOUSER, J.—At a time less than thirty days preceding the date of her death, Alice E. Garthwaite executed her will by means of which she devised and bequeathed her entire estate in trust to charitable uses. No "legal heirs" survived the testatrix. In the course of administration of her estate, over the objection of the People of the State of California, the probate court caused an order to be made and entered by which the said estate was directed to be distributed in accordance with the provisions of said will. It is from such order that the instant appeal is prosecuted.

As is stated in the opening brief of the appellant, the question presented is whether a bequest in a will is void, which was executed "within thirty days prior to death by a testatrix leaving no legal heirs, to a person to be held in trust for the use and benefit of a charitable corporation".

Admittedly the controlling statute in the premises is what is now known as section 41 of the Probate Code. It is as follows:

"No estate, real or personal, may be bequeathed or devised to any charitable or benevolent society or corporation, or to any person or persons in trust for charitable uses, unless done by will duly executed at least thirty days before the death of the testator. If so made at least thirty days before death, such devises and legacies shall be valid, but they may not collectively exceed one-third of the estate of a testator who leaves legal heirs, and if they do, a *pro rata* deduction from such devises and legacies shall be made so as to reduce the aggregate thereof to one-third of the estate. All dispositions of property made contrary hereto shall be void, and go to the residuary legatees or devisees or heirs, according to law."

Formerly and prior to its placement in the Probate Code, the substance of the present statute was included within section 1313 of the Civil Code.

From an examination of the provisions of such statute it will appear that by the terms thereof contained in its open-

ing sentence, in order to constitute by will an effective direction for the disposition of an estate to charitable uses, the will of the testator must have been executed *at least thirty days preceding the date of his death*. As is stated in *Estate of McCauley*, 138 Cal. 432, 436 [71 Pac. 512, 514]: "Section 1313 invalidates the charitable bequest, unless the will is 'duly executed at least thirty days before the decease of the testator'." And in *Estate of Dol*, 182 Cal. 159, 167 [187 Pac. 428, 432]: "The fact that makes the bequest void is that it is made to a charitable or benevolent society or corporation, or to any person or persons in trust for charitable uses, within thirty days before the death of the testator. *The purpose in mind of the testator and his motive are alike immaterial.*" And in the same case, as reported in 186 Cal. 64, 65, 67 [198 Pac. 1039], it is said: "The will was executed less than thirty days prior to the death of the testator. If the respondent is a 'charitable or benevolent' corporation, the bequest is void under the provisions of section 1313 of the Civil Code . . . It seems clear that the respondent corporation was a charitable and benevolent corporation within the meaning of section 1313 of the Civil Code, and the bequest having been made *within thirty days prior to the death of the testator*, it is *void* under the provisions of that section." And in *Estate of Halm*, 196 Cal. 778, 783 [239 Pac. 307, 308], where it appeared that the will was executed seven days before the death of the testator, it was held void as to a bequest to a charitable institution, the court saying: "The will of the decedent herein not having been thus executed (that is, thirty days preceding the date of death of the testator), and said bequest thus being void, it follows that the order and decree of said court, in so far as it undertook to distribute the sum named in said bequest to that particular legatee, was erroneous, . . . " To the same effect, see *Estate of Lubin*, 186 Cal. 326 [199 Pac. 15]; *In re Pearsons*, 98 Cal. 603 [33 Pac. 451]; *Estate of Robinson*, 63 Cal. 620; *Estate of Hinckley*, 58 Cal. 457, 484.

But by the respondent herein it is urged that since in substance, as expressed in the second provision of the statute, a devise or bequest contained in a will made "at least thirty days prior to death" is valid as to an aggregate of one-third of the estate of a testator who leaves "legal heirs", the construction which should be placed upon the former provision

of the statute by which *"no* estate" may be bequeathed or devised to any charitable use "unless done by will duly executed at least thirty days before the death of the testator", is that, *no matter when made,* if the testator left no "legal heirs", the will should be deemed valid and effective for the disposition of the estate of the testator in accordance with the provisions of the will. In other words, the contention is that, notwithstanding the statutory requirement for the validity of a will by which the estate of the testator is devised or bequeathed to charitable uses that it be executed at least "thirty days before death",—if the testator leaves no "legal heirs", a valid will by which the testator directs the disposition of his entire estate to charitable uses may be executed *at any time.*

Reverting to the statute in question, it may be noted that if in construing the statute we should arrive at a conclusion in accordance with the suggestion of respondent in that regard, with the exception of its explanatory part, the first provision of the statute, which contains not only the thirty-day restriction, but also apparently is made applicable to all testators (whether leaving or not leaving "legal heirs"), is surplusage and properly may be discarded or left out of consideration.

One of the important rules of construction of a statute is that, if possible, effect must be given to each sentence, phrase and word thereof; that is to say, that such a construction should be given to a statute as will actively employ, give force to, and preserve every part thereof; and in that connection, that unless the exigencies of the situation as presented from a consideration of the statute as a whole imperatively demand that some word, phrase or sentence thereof be discarded, or rendered useless, or deprived of meaning, no such part should ever be considered unnecessary or as surplusage. (23 Cal. Jur. 758, and authorities there cited.)

It would therefore appear clear that unless some urgent and compelling reason is presented for the deletion from the first provision of the statute of the thirty-day period therein contained, those words are mandatory in character and must be observed.

Equally as strong and imperative is the rule of law which in effect denies to courts authority in anywise to

add, or to supply, words to a statute "except for the most cogent reasons". (23 Cal. Jur. 737, and authorities there cited.)

In support of the position assumed by respondent, that is, that the words "leaving legal heirs" should be incorporated into the first provision of the statute, reliance is placed principally in the language contained in the opinion in *Estate of Dwyer,* 159 Cal. 664, 687 [115 Pac. 235; Id., 159 Cal. 680, 687 [115 Pac. 242, 244], wherein in substance, it is declared that "it is only when he (the testator) leaves such (legal) heirs that his power of disposition by will is restricted". However, an examination of that case reveals the fact that each of the several statements therein contained with reference to the question here at issue was *dictum.* The sole point there involved was whether the one-third of the estate of the testator divisible to charitable uses affected property belonging to the testator located in this state only; or, whether it included the testator's property wherever located.

In the text of volume 18, Corpus Juris, at page 873, where an abundance of authority for the statement is cited, it is said that "it will generally be presumed that an intestate left heirs, unless the contrary is proved; . . . " In 9 Ruling Case Law, page 18, the rule is announced that "the presumption is that every deceased person leaves heirs or next of kin capable of inheriting". Likewise, in *Estate of Friedman,* 178 Cal. 27, 34 [172 Pac. 140, 144], occurs the declaration, in effect, that it is a "very strong presumption that decedent did leave heirs". (Citing *People* v. *Roach,* 76 Cal. 294, 297 [18 Pac. 407], and *State* v. *Miller,* 149 Cal. 209, 211 [85 Pac. 609].) Also, in *State* v. *Superior Court,* 148 Cal. 55, 57 [82 Pac. 672, 673, 2 L. R. A. (N. S.) 643], it is said that "it is a presumption of law that a person has next of kin who will succeed to his estate upon his death leaving no will".

It is also a presumption that in exercising its prerogative in enacting laws the legislature does so in view of, and with reference to, existing laws and judicial decisions; and that a particular statute was enacted by it "in the light" of such judicial decisions as had a direct bearing upon such statute. (23 Cal. Jur. 782, and authorities there cited.)

 Applying such general principles of law to the facts herein, it must be apparent that, since presumably on his decease "a person leaves heirs or next of kin capable of inheriting", of which fact the legislature had presumptive knowledge, the indicated result is that the first provision of the statute in question should be construed as though such words were intentionally omitted therefrom. The fact that in the very next sentence of the statute provision is made for a case of one "leaving legal heirs" is also a manifestation of the intent of the legislature with reference to the effect of the preceding provision.

In 23 California Jurisprudence, at page 778, the principle is announced that "where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed"; citing *People* v. *Buster,* 11 Cal. 215, 221. (See, also, *Fairbanks* v. *Dawson,* 9 Cal. 89, 93.)

The construction for which the respondent contends would be entirely opposed to the plain language of the statute. By every fair intendment the provision in question now carries a complete and a very definite meaning, which is that it includes all testators, whether they do or do not leave "legal heirs"; and to supply the statute with additional words which would have the undoubted effect of altogether changing in substance the manifest intention of the legislature in remedying the identical "publick mischief" which was the declared object and purpose of the original statute of "mortmain" (9 Geo. II, cap. 36), from which our statute is derived, would be but to "fly in the face" of nearly the unanimous weight of authority which forbids the judicial interpolation of words into a statute except for the most cogent reasons and in circumstances which judicially will admit of no other course. To agree with the contention of the respondent herein and thereby, in effect, to interject into the first provision of the statute the words "leaving legal heirs" would require for its justification "an unwarranted reading into the law of language not put there by the legislature and not necessitated either by reason of ambiguity or obvious error". (*Street* v. *Bertolone,* 193 Cal. 751, 753 [226 Pac. 913]; *Spreckels* v. *Graham,* 194 Cal. 516, 535 [228 Pac. 1040].)

As a summarization of the foregoing, it may be said that by the first provision of section 41 of the Probate Code an absolute and unqualified restriction is placed upon the disposition by will of any part of the estate of the testator (whether or not he leaves "legal heirs") within thirty days of the date of his death; and that by the second provision of said statute an exception is created to that which is provided in the first provision, in that (within the time limit) if the will be executed by one leaving "legal heirs" one-third of his estate may be devised or bequeathed to charitable uses.

The order from which the appeal is taken is reversed.

Conrey, P. J., and York, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 19, 1933.