(No. 7254. November 21, 1945)

In re COLEMAN'S ESTATE.

[163 P. (2d) 847.]

W. F. McNaughton for appellants.

J. H. Felton for respondents.

BUDGE, J.—We shall consider this appeal as being before this court solely upon the question of the validity of the Seventh and Eighth paragraphs as set out in testator's will, as follows:

"SEVENTH: I give, devise and bequeath one-third of the remainder of my estate of every nature and kind to the Shrine Hospital for Crippled Children at Spokane, Washington, and the Deaconess Hospital at Spokane, Washington, and to St. Luke's Hospital at Spokane, Washington in equal shares (one-third of said one-third) to each of said institutions; this devise and bequest to be used exclusively for the relief and treatment of crippled children.

"EIGHTH: I give, devise and bequeath the remaining two-thirds of said remainder of my estate to the Walla Walla district of the Northwest Conference of Methodist Churches to be distributed among the churches of said Walla Walla District in proportion to the size of the congregation of each of the component churches; that is, if a component church had one hundred members and the total church membership of all churches in the district was one thousand, the church with one hundred members would get one hundred thousandths or ten percent of this bequest."

It is the contention of respondents that the above paragraphs are void under the provisions of sec. 14-326, I.C.A., which provides, *inter alia*:

"No estate, real or personal, shall be bequeathed or devised to any charitable or benevolent society or corporation, or to any person or persons in trust for charitable uses, except the same be done by will duly executed at least thirty days before the decease of the testator; * * * and all disposition of property made contrary hereto shall be void, and go to the residuary legatee or devisee, next of kin, or heirs, according to law."

Section 1313, Kerr's Civil Code of California, is practically identical with the section above quoted.

It is conceded that Seigle Coleman died testate on the 4th day of December, 1943; that his will was executed on the 12th day of November, 1943, within thirty days of his death. In other words, the testator died twenty-two days after making his will. The question therefore arises: Did the testator, under the provisions of his will, bequeath or devise property to a charitable or benevolent society or corporation, or to any person or persons in trust for charitable uses, at least thirty days before his death?

█ It would seem upon a careful consideration of the Seventh paragraph of the will, wherein bequests are made to the Hospital for Crippled Children, the Deaconess Hospital, and to St. Luke's Hospital, all of Spokane, Washington, is in violation of sec. 14-326, supra, and therefore void, for the reason that to each of said institutions it is provided that "this devise and bequest to be used exclusively for the relief and treatment of crippled children" which is a gift for charitable purposes. A most worthy and laudable purpose but contrary to the provisions of sec. 14-326, supra.

Coming now to the Eighth paragraph of the will, wherein the testator sought to give, devise and bequeath two-thirds of the remainder of his estate to the Walla Walla District of the Northwest Conference of Methodist Churches to be distributed among the churches of said district in proportion to the size of the congregation of each of the competent churches, the question arises, namely, whether a gift to the churches is a gift for a charitable use, keeping in mind that the testator died within "at least thirty days" subsequent to the execution of the will.

█ The purpose of the enactment of said section and the reason therefor has often been expounded, which is "that a man's fears or superstitution, or his deathbed hope of purchasing a blissful immortality, shall not be allowed to influence the disposition which he may thus make of his property, to the injury of his heirs." (*In re Lennon's Estate* (Cal.), 92 P. 870, 125 A.S.R. 58, 14 Ann. Cas. 1024.) The intention of the legislature in enacting the above quoted statute evidently was to limit gifts to charitable uses unless done by will duly executed at least thirty

days before the death of the testator, or, as was said in *In re Dwyer's Estate* (Cal.), 115 P. 242:

"The purpose of the section was remedial; to prevent what was deemed a wrong and injustice to those who should naturally be the recipients of the bounty of a testator—his heirs at law. It was not enacted for the public good or as a matter of state policy, but for the benefit exclusively of those named in it—the heirs at law—and as a protection against hasty and improvident gifts to charity by a testator of his entire estate to the exclusion of those who in the judgment of the Legislature had a better claim to his bounty."

■ It will be observed from the Eighth paragraph of the will the gift of the remaining two-thirds of the testator's estate was made to the Walla Walla District of the Northwest Conference of Methodist Churches. It was a gift to churches, which are both charitable and benevolent (*In re Hewitt's Estate* (Cal.), 29 P. 775) and the testator died within thirty days subsequent to the execution of the will, rendering the gift void under the provisions of sec. 14-326, supra. (*In re Lubin's Estate* (Cal.), 199 P. 15, 16.)

It is said in *In re Fitzgerald's Estate* (Cal.), 217 P. 773, 776:

"A gift to a church is a charitable one, for it is well settled that a Christian church lawfully existing is a charity. A gift to a church without restriction as to the use to be made of the property (as in the instant case) is a gift to be applied for the promotion of public worship and of religious instruction, which must necessarily influence other than church members, and has all the elements of a public charity." (See, also, 5 R.C.L., sec. 50, p. 327; 14 C.J.S., sec. 17, p. 449; 10 Am. Jur., sec. 57, p. 626; *Sears v. Attorney General* (Mass.), 79 N.E. 772, 9 Ann. Cas. 1200.)

■ Church organizations whether incorporated or not are organized to impart religious instruction without purpose of gain. They are not profit making organizations. The distinctive features of a charitable organization are that it has no capital stock and no provision for making dividends or profits, but derives its funds mainly from pub-

572

lic and private charity, and holds them in trust to be expended for charitable and benevolent purposes.

The thirty day provision of sec. 14-326, supra, is mandatory. (*Garthwaite's Estate* (Cal.), 21 P. (2d) 465.) In order to constitute an effective disposition of an estate to charitable uses, the will must have been executed at least thirty days preceding the death of the testator. The statute is mandatory, clear and explicit, and applies to the facts disclosed by the record. There is no alternative other than to affirm the judgment of the court below, namely, that the provisions in the will, paragraphs Seventh and Eighth, come within the prohibition of sec. 14-326, I.C.A., and are therefore void.

The judgment is affirmed. Costs to respondents.

Ailshie, C.J., and Givens, Holden and Miller, JJ., concur.