195 P.2d 360

## FELTON v. FINLEY et al.

### In re COLEMAN'S ESTATE.

No. 7426.

Supreme Court of Idaho.

June 24, 1948.

Hamer Budge, of Boise, for appellants.

Wm. S. Hawkins, W. F. McNaughton, and H. S. Sanderson, all of Coeur d'Alene, and Estes & Felton, of Moscow, for respondent.

MILLER, Justice.

Seigle Coleman died testate on December 4, 1943. By the terms of his will, filed in Probate Court, Latah County, Idaho, he bequeathed to each of the defendants, herein mentioned, Orval Finley, Ida Davis, Nan Holder and Rose Finley Nichles, the sum of $500. Practically all of his estate

was devised and bequeathed to certain charitable institutions in the state of Washington (66 Idaho 567, 163 P.2d 847).

The aforementioned case held that Paragraphs 7 and 8 of said will were void, under the provisions of Sec. 14-326, I. C. A., in that less than thirty days had elapsed between the date of the execution of the will and the date of the death of the testator.

The plaintiff, J. H. Felton, by his motion to dismiss the appeal claims to have appeared in all of the proceedings in opposition to the validity of the will, insofar as it attempted to devise and bequeath property to charitable institutions in violation of Sec. 14-326, I. C. A. We think a consideration of the motion to dismiss the appeal may be limited to a single question. That is, when the amount of the judgment was paid, or turned over to plaintiff by the clerk of the court, did such payment constitute a satisfaction of the judgment so that the appeal now raises only a moot question?

It appears from the motion to dismiss the appeal, and without designating the various papers and instruments included therein, that a resort to the findings of fact, conclusions of law and decree furnishes the most authentic record before us. The findings of fact of the District Court of the Second Judicial District of the state of Idaho, in and for the County of Latah, recites in substance, that the cause came on regularly to be heard on the 12th day of June, 1947, before the Hon. A. L. Morgan, District Judge, sitting without a jury; that J. H. Felton, plaintiff, appeared in person and Wm. S. Hawkins, W. F. McNaughton and Estes and Felton appeared as attorneys for defendants; and the court heard the testimony and having examined the proof offered by the respective parties and the cause having been finally submitted to the court for its decision, and the court being advised in the premises now makes its findings of fact. From the findings it is disclosed that the plaintiff seeks to recover from the defendants, and each of them, a designated amount, to-wit, "50%" of the net amount recovered from the estate by each of the defendants. That their distributive shares were increased in excess of the sum of $500 as set forth in the will and that the 50% of the increased amount is the sum of $2,397.48. Paragraph III of the findings recites:

"That the will of the late Seigle Coleman was presented for probate on the 12th day of January, 1944, and was admitted to probate on the 9th day of February, 1944; that, in the latter part of March, or the first part of April, 1944, William Finley and Sig Finley first consulted with J. H. Felton, then consulted with two of the defendants, Ida Davis and Nan Holder, and communicated with Rose Finley Nichles and Orval Finley, and on the 5th day of April, 1944, the said William Finley and Sig Finley, by separate contracts in writing, employed plaintiff, J. H. Felton, to contest the will of Seigle Coleman, deceased, and especially the residuary

clause thereof, and then and there orally authorized and directed the said J. H. Felton to include in said proceeding, and to prosecute the same for and on behalf of, the remaining defendants herein and then and there orally agreed to aid and assist in procuring written contracts from the remainder of said heirs, which said contracts were in words and figures the same as the contracts signed by the said William Finley and Sig Finley, and provided for 50% of the net recovery."

By Paragraph IV of the findings it is made to appear:

"That thereafter the said proceedings were commenced, shortly prior to the time that such proceedings and contest would have been barred under the statutes of the State, and the said written contracts with all defendants, save and except William Finley and Sig Finley, were not signed or returned, either to the said William Finley and Sig Finley or to the plaintiff herein; that thereafter and during the progress of said proceedings, the plaintiff on two separate occasions notified each and all of said defendants who had failed to sign the contract that the proceedings were pending and that he was acting for and on their behalf and expected to be paid by them the sum of fifty per cent of the recovery, if any, over and above the sum of $500.00 each given to each of them by the will of Seigle Coleman; that said defendants and each and all of them knew at all times that said proceedings were pending and that the said J. H. Felton was acting for and on behalf of them and each of them and that he expected to be paid as hereinbefore specified, but that, notwithstanding such knowledge, they at all times failed, neglected and refused to respond to his letters stating that he was proceeding upon their behalf and made no objection thereto until after the cause had passed through the Probate Court, the District Court, and the Supreme Court of the State, during all of which time the said plaintiff, J. H. Felton, was acting for and on behalf of the defendants and each and all of them, with their full knowledge and acquiesence."

Paragraph V of the findings discloses that as a result of the representation and efforts of the said J. H. Felton, on behalf of the defendants and each of them the distributive share of each of the defendants was increased from the sum of $500 each, as specified in the will, to upwards of $5,294.97 each, and that immediately upon the said judgment increasing the amount of the defendants' recovery becoming final "said defendants and each of them claimed their said distributive shares, and the defendants, Orval Finley, Ida Davis, Nan Holder, and Rose Finley Nichles, then for the first time disclaimed and denied the right of the plaintiff, J. H. Felton, to represent them in said proceedings."

Paragraph VI of the findings shows that a decree of partial distribution was entered in the probate court of Latah county, state of Idaho, distributing to each of the said

defendants the sum of $5,294.97 and that the estate is not closed and final distribution has not been made. It is also shown therein that the executor, H. Melgard, had deposited with the clerk of the court, to await the decision thereof, the amount of the distributive shares of the four defendants and that by stipulation $2,797.53 was paid to each of defendants and that $9,989.72 is retained by the clerk awaiting a final decree and that plaintiff has a lien upon such moneys in the sum of $9,589.92 for attorney's fees or ($2,397.48 against each of the four defendants).

The thought is advanced by plaintiff, Felton, that attorneys for defendants consented to the payment of the amount claimed by Felton out of the money deposited with the clerk of the Court, because attorneys for defendants advised plaintiff and the court that "We have no intention of staying the execution of the judgment," and, accordingly, that there was a satisfaction of the judgment and that the appeal raises only a moot question.

At page 5 of the "Memorandum Brief of Appellants upon Respondent's Motion to Dismiss" appears a letter relative to the payment to Felton of the amount claimed by him out of the deposit in the office of the clerk of the Court and addressed to Murray Estes, under date of October 7, 1947, one of the attorneys for defendants, in which it is said:

"I received in this morning's mail the proposed Findings of Fact and Conclusions of Law, Order and Decree in the Finley case. I presented these to Judge McNaughton for his reaction and neither of us see any particular objection to them. However, we would prefer to have your reaction before waiving our right to protest.

"Yesterday Felton called me on the phone and indicated that he would like to draw the money down so that he could pay off his farm mortgage. I did not agree one way or the other, but did state that I felt that if the Supreme Court reversed the case, I was sure that we would be able to collect the judgment. He stated that he was sufficiently financially responsible and would, in the event of a reversal, refund the money, but in the meantime, he would like to stop the interest on his farm mortgage."

It is suggested in said brief, that a judgment need not be superseded before an appeal can be taken before the Supreme Court of this state; that no such provision is made in the statute of this state outlining the procedure on appeal; and that the appellants, in this case, were not in a financial position to supersede the judgment. It is manifestly made to appear from the brief of the appellants that Felton knew they intended to appeal from the findings of fact, conclusions of law and decree and that he so stated in connection with his request to have the fees he claimed paid to him out of the deposit in the hands of the clerk, that he was financially able, in the event of a reversal in the Supreme Court, to refund the money, and would do so, but

416

in the meantime he would like to stop the interest on his farm mortgage.

In view of the foregoing matters we think plaintiff and respondent cannot now be heard to say that there was a satisfaction of the judgment and that the appeal raises only a moot question.

Accordingly, the motion to dismiss the appeal in the instant case is denied.

GIVENS, C. J., HOLDEN, J., and FEATHERSTONE, District Judge, concur.